COMMONWEALTH vs. JOHN McGRATH.

Worcester.    Sept. 29. — Nov. 25, 1885.    FIELD, C. ALLEN, & GARDNER,
                          JJ., absent.

An indictment, on the Pub. Sts. c. 207, § 4, alleged that the defendant, at a time
   and place named, was lawfully married to one N., and that subsequently, at a
   time and place named, he "feloniously and unlawfully did marry and take to
   wife one B.," the defendant "then and there being married, and the lawful hus-
   band of said N., the said N. being his former wife and living," and the defend-
   ant never having been legally divorced from said N.   Held, that the indictment
   was sufficient.
In an indictment, on the Pub. Sts. c. 207, § 4, for polygamy, the allegation of the
   time of the first marriage is not material, and it need not be proved as laid.
At the trial of an indictment, on the Pub. Sts. c. 207, § 4, for polygamy, if there is
   evidence that the defendant, prior to the time of the first marriage alleged in
   the indictment, was married to a woman who was living a month before that
   time, the jury will be warranted in finding that she was living at the time of the
   alleged first marriage.

INDICTMENT, on the Pub. Sts. c. 207, § 4, alleging that the
defendant, on January 23, 1880, at New York, in the State of
New York, was lawfully married to one Nettie Wilfert, and the
said Nettie then and there had for his wife ; and that the said
defendant afterwards, to wit, on September 3, 1883, at Uxbridge,
in the county of Worcester, feloniously and unlawfully did marry
and take to wife one Bridget Farron, the said defendant " then
and there being married, and the lawful husband of said Nettie
Wilfert, the said Nettie being his former wife and living; and
said McGrath never having been legally divorced from said
Nettie, whereby, and by force of the statute in such case made
and provided, the said McGrath is deemed guilty of the crime
of polygamy."

In the Superior Court, the defendant, before the jury were
empanelled, moved to quash the indictment, for the following
reasons :  " 1. Because there is no allegation that the defendant,
on January 23, 1880, at New York, was then and there a single
man unmarried.   2. Because there is no allegation that Nettie
Wilfert named in said indictment was, on September 3, 1883,
then the wife of said defendant, or then living."   This motion
was overruled; and the ·defendant excepted.

At the trial, before *Bacon*, J., the government called Nettie Wilfert as a witness, who testified that she was married in New York to the defendant under the name of George H. Baker, on January 24, 1880 ; and also introduced a certificate from the records of the church by the pastor of which she was married, showing the marriage to have taken place on that day. This was the only evidence in the case relating to the first marriage alleged.

The defendant called witnesses, who testified that, on October 15, 1876, at Providence, Rhode Island, the defendant, under the name of John McGrath, was married to one Catherine Tobin, which fact was uncontested by the government. There was also evidence tending to show that the defendant and Catherine lived together as husband and wife, after their marriage, in Providence; that they were so living together on Christmas, 1879 ; that between the middle and last of January, 1880, they separated, Catherine going to Boston; and that they were not divorced.

The defendant asked the judge to rule that there was a variance between the allegation in the indictment of the marriage of the defendant to Nettie Wilfert and the proof ; but the judge refused so to rule.

The defendant also asked the judge to instruct the jury as follows : " 1. If the jury are satisfied that the defendant was lawfully married to Catherine Tobin in 1876, the presumption of law, in the absence of evidence to the contrary, is that said Catherine was alive on January 24, 1880. 2. If the jury are satisfied that the defendant was married to said Catherine in 1876, and that Catherine was seen alive a month prior to January 24, 1880, the presumption of law, in the absence of evidence to the contrary, is that she was alive on January 24, 1880, and the jury would be warranted in so finding. 3. The government must satisfy the jury beyond reasonable doubt that the first marriage alleged in the indictment was legal and valid."

The judge refused so to rule, but instructed the jury as follows : " The government is bound to prove beyond reasonable doubt that the defendant was married to one Nettie Wilfert in New York, and also that he was afterwards married to Bridget Farron at Uxbridge, as alleged, and that Nettie Wilfert was then alive. Under ordinary circumstances, if these facts were

proved, the case would be complete for the government, but, in the present case, it is alleged in defence that the defendant was not lawfully married to Nettie Wilfert, because, prior to that time, he had been married to one Catherine Tobin. The burden of showing this is upon the defendant, and he must also show that the said Catherine was alive at the time of the alleged marriage to Nettie Wilfert, and then his lawful wife; if he satisfies you of these facts, he would be entitled to an acquittal. There is no presumption that said Catherine was alive at that time, but it must be proved as a fact that she was. If there is any presumption about it, the presumption is that Nettie Wilfert was lawfully married, and was his lawful wife, if the jury find that a ceremony of marriage took place between the defendant and said Nettie."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*F. A. Gaskill*, for the defendant, submitted the case without argument.

*E. J. Sherman*, Attorney General, for the Commonwealth.

W. ALLEN, J. The Pub. Sts. *c.* 207, § 4, provide that "whoever, having a former husband or wife living, marries another person," shall be deemed guilty of polygamy. To convict a defendant of the offence, it must be alleged and proved that he had a wife living at the time of the second marriage. This is sufficiently alleged in the indictment, and the motion to quash was properly overruled.

The only exception to the evidence of the former marriage is, that there was a variance between the allegation and the proof. The indictment alleges a marriage on January 23, 1880, and the evidence was of a marriage on January 24, 1880. The allegation of the time of the marriage was not material, and it was not necessary to prove it as laid.

The defendant offered evidence to prove that he was married, in 1876, to a woman who was alive within a month of the former marriage alleged in the indictment; and asked that the ruling be given that, if the first wife was alive a month before said January 24, the presumption of law, in the absence of evidence to the contrary, was that she was alive on that day, and that the jury would be warranted in so finding. The court

instructed the jury that there was no presumption that she was alive on that day, but it must be proved as a fact; that, if there was any presumption, it was that the marriage was legal. We think that the instructions given, with the refusal to give those asked for, were liable to mislead the jury. 'The fact that a person is alive at a certain time does afford some presumption that he is alive a month later, as it does that he was alive an hour or a year later. It is evidence tending to prove that fact, which in ordinary cases, in the absence of other evidence, would be deemed conclusive. Its weight, of course, would be affected by any circumstances affecting the probability of the continuance of life in particular cases, or rendering it probable that death had occurred; and, in this case, the fact of the defendant's marriage is such a circumstance. But the question whether a person is alive at a certain time, whether a day, or a month, or a year, or any period less than seven years, after direct evidence that he was living, is for the jury, to be determined by the general presumption or probability of the continuance of life, modified by the circumstances of the particular case. See *Hyde Park* v. *Canton*, 130 Mass. 505; *Kelly* v. *Drew*, 12 Allen, 107; *Rex* v. *Twyning*, 2 B. & Ald. 386; *Nepean* v. *Knight*, 2 M. & W. 894; *Lapsley* v. *Grierson*, 1 H. L. Cas. 498, 505; *Rex* v. *Harborne*, 2 A. & E. 540; *In re Phené's trusts*, L. R. 5 Ch. 139; *Regina* v. *Lumley*, L. R. 1 C. C. 196.

The jury were to judge of the strength of the presumption of the innocence of the defendant, as well as of the continuance of the life of his former wife, in view of all the circumstances affecting them. The instructions of the court were not merely that there was no presumption of law, and that the fact was for the jury to find upon the evidence, but were in effect a ruling that the presumption of innocence destroyed the presumption of the continuance of life, so that the fact that the first wife was alive a month before the second marriage was' not to be considered as evidence that she was living at the time of that marriage. While leaving the question with the jury, the effect of the instructions was to withdraw from their consideration the competent and apparently plenary evidence upon which they might determine it. *Exceptions sustained.*