[No. 20975. Department One. — August 15, 1893.]

THE PEOPLE, RESPONDENT, v. JOHN A. BEEVERS, APPELLANT.

CRIMINAL LAW — BIGAMY — MARRIAGE UNDER AGE OF CONSENT — SUBSEQUENT COHABITATION. — Marriage of a person under the age of consent can only be annulled by the person who did not have the capacity to consent, and if it is followed by cohabitation of the married parties after arriving at the proper age, is sufficient to support a prosecution for bigamy upon a second marriage by one of the parties, while the first marriage exists.

ID. — FORM OF MARRIAGE — CONSENT FOLLOWED BY MUTUAL ASSUMPTION OF MARITAL RIGHTS. — A marriage to be sufficient upon which to base a charge of bigamy, need not be a regular, solemnized, and authenticated marriage, but it is sufficient if there is a consent to the marriage, followed by a mutual assumption of marital rights, duties, and obligations.

ID. — EVIDENCE — JUDGMENT OF DIVORCE ESTABLISHING FIRST MARRIAGE — EFFECT OF APPEAL. — A judgment of divorce establishing the first marriage is inadmissible in evidence against the person accused of bigamy, to prove any of the matters adjudicated thereby, where an appeal is pending from such judgment.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Frank H. Short,* for Appellant.

*Attorney-General W. H. H. Hart,* for Respondent.

GAROUTTE, J. — Appellant Beevers was convicted of bigamy, and now prosecutes an appeal to this court from the judgment and order denying his motion for a new trial. It is insisted that the evidence is insufficient to justify the verdict.

Beevers, being of the age of twenty years, and Lou Jacobs, being of the age of fourteen years, desirous of marrying, eloped from Hollister, San Benito County, and went to the town of Monterey for the purpose of being married upon the high seas, this course being adopted with a view of escaping the difficulties to marriage presented by the girl's tender years. Upon their arrival at Monterey the sea was boisterous, no boat could be procured and the plan was abandoned. It was thereupon orally agreed between them that they should live together as husband and wife, and that upon their return to the home of their parents, both should state the fact to be that they were married upon the sea. Thereafter they returned to Hollister, and to all their friends declared the fact in accordance with

their previous agreement, and further stated that the certificate of marriage had been lost. These statements were repeated upon all occasions for many months, and it was only a short time prior to the inception of this prosecution that the true facts were disclosed to the public. Immediately upon their return to Hollister they lived together as husband and wife, represented themselves as such at all times, were known to the neighborhood as married people, and conducted themselves as married people usually do. Their affairs were conducted upon these lines for nearly four years, during which time a child was born to them, but differences having arisen, a separation ensued, and subsequently Beevers married one Clara Bates, and his prosecution and conviction upon a charge of bigamy was the result.

It is claimed that the foregoing evidence is insufficient *to* prove such a marriage between these parties as to form the basis for a charge of bigamy, and as one of the grounds for such claim, it is insisted that the girl was but fourteen years of age at the time the agreement of marriage was entered into, and, consequently, was incapable of giving consent thereto, the statute fixing the capacity of females for consent at the age of fifteen years. Appellant's contention cannot be sustained. Section 82 of the Civil Code declares that the marriage can only be annulled by the party who did not possess the capacity to consent, and expressly recognizes the validity of the marriage, if after attaining the age of consent, such party freely cohabits with the other as husband and wife. In *Shafher* v. *State,* 20 Ohio, 1, it is held that marriage by a person under the age of consent, if followed by cohabitation after arriving at the proper age, is sufficient to support a prosecution for bigamy. In other states it is held that such marriage, unless subsequently disaffirmed by positive action, is sufficient to support the charge. (*Walls* v. *State,* 32 Ark. 565; *Beggs* v. *State,* 55 Ala. 108; *Cooley* v. *State,* 55 Ala. 162.) In the present case these parties lived together as husband and wife almost three years after the girl arrived at the age of consent, and a full ratification of their prior acts and agreement was the result. We have been cited to no law and know of none that would entitle a guilty husband to escape a charge of bigamy upon such a pretext.

It is insisted that a marriage sufficient upon which to base a

charge of bigamy must be a regular, solemnized, and authenticated marriage, as provided by the statute, but with this contention we cannot agree. Section 281 of the Penal Code declares that "every person having a husband or wife living, who marries any other person . . . . is guilty of bigamy." In this case the second' marriage is conceded, and defendant's guilt is dependent upon the fact as to whether or not Lou Jacobs was his wife at the time he contracted the second marriage. Section 55 of the Civil Code declares: "Marriage is a personal relation arising out of a civil contract, to which the consent of parties capable of making it is necessary. Consent alone will not constitute marriage; it must be followed by a solemnization, or by a mutual assumption of marital rights, duties, or obligations." It will thus be seen that consent to marry, followed by a solemnization, or by a mutual assumption of marital rights, duties, or obligations, constitues marriage. The meaning of the phrase, "mutual assumption of marital rights, duties, or obligations," was exhaustively discussed in the case of *Sharon* v. *Sharon*, 79 Cal. 633. It was again under consideration in *Kilburn* v. *Kilburn*, 89 Cal. 46; 23 Am. St. Rep. 447, and its legal signification is there clearly and succinctly declared. In the present case there was no solemnization, but there was consent, followed by a mutual assumption of marital rights, duties, and obligations, and under our statute those elements conjoined result in a marriage as binding in morals and in law as though it was solemnized by priest or judge. In the one case we have consent followed by solemnization; in the other, consent followed by the mutual assumption of marital rights, duties, or obligations.

The crime of bigamy is committed when a person marries who has another husband or wife living at the time. The mere form of the first marriage is entirely immaterial. The vital inquiry is, is such a person a husband or wife? The solution of that question being in the affirmative, one element of the crime is proven, and the inquiry passes to the second marriage. The policy of the law recognizing and authorizing this form of marriage is not for the court to support or condemn. It is known to all that it is becoming a common practice with the people, entirely too common; but if bigamy, adultery, and

kindred crimes cannot be founded upon such marriages, induce-
ments are offered to the lawless which cannot fail to be seized
upon, and which would undoubtedly end in most pernicious
results.

There is no authority to our knowledge opposed to the forego-
ing views upon this question. The differences among the courts
have arisen alone as to the amount and character of evidence
necessary to prove the marriage. It is conceded everywhere
that an actual marriage must be proven to support the charge
of bigamy, a great number of the cases holding that cohabita-
tion and repute standing alone are not sufficient to prove the
marriage. This was the common law, and was based upon the
principle that the presumption of innocence of crime overcame
the presumption of marriage following cohabitation and repute.
Many cases hold that the admissions of marriage by a defend-
ant, coupled with cohabitation and repute, are sufficient to sus-
tain a finding of actual marriage. (*State* v. *Hughes*, 35 Kan. 626;
57 Am. Rep. 195; *State* v. *Britton*, 4 McCord, 256; *O'Neale* v.
*Commonw.*, 17 Gratt. 583; *Williams* v. *State*, 44 Ala. 24; *Scoggins*
v. *State*, 32 Ark. 205; *State* v. *Gonce*, 79 Mo. 600.) Section 1106
of the Penal Code, which prescribes the character of evidence that
may be introduced upon the charge of bigamy to prove mar-
riage, is directly in line with the principles declared in the
foregoing cases, although it is not necessary to invoke the
provisions of that section, for here the facts disclose an actual
marriage in accordance with section 55 of our statute. The
sufficiency of the evidence in this case to support a convic-
tion for bigamy as to the first marriage is fully indorsed in
*Hayes* v. *People*, 25 N. Y. 390; 82 Am. Dec. 364; and *State* v.
*Bittick*, 103 Mo. 183; 23 Am. St. Rep. 869. In *Case* v. *Case*,
17 Cal. 598, following the law, it was held that repute and
cohabitation were not sufficient to prove marriage, the defend-
ant in that case being charged with adultery. No statute
authorizing marriage in the manner prescribed by section 55
of the code was upon the books when the question was there
decided. Neither do the exigencies of this case require us
to enter into a discussion as to the true result to be deduced
by reason of the presumption of innocence coming in con-
flict with the presumption of marriage, arising from general

repute and cohabitation, viewed in the light of section 55 of the statute; but it may be stated that if the principle of estoppel is ever recognized in criminal law, the application of it to a defendant under such circumstances, in the interests of the wronged spouse, the unfortunate offspring, and good morals, would prove a most wholesome rule.

The court committed error in admitting in evidence the judgment roll in the civil action of *Lou Beevers* v. *John A. Beevers*. The action was brought against defendant for divorce, and a default was taken. At the time the judgment roll was offered in evidence the case was upon appeal to this court, and it follows necessarily that the findings of fact and other recitals therein contained were inadmissible as evidence upon any question involved in this prosecution. (*Woodbury* v. *Bowman*, 13 Cal. 634; *Murray* v. *Green*, 64 Cal. 363.) The adjudication of the superior court that these parties were husband and wife, and a decree being entered dissolving the bonds of matrimony, were matters which probably had great weight with the jury. The question as to the marriage was the contested issue, and this evidence pointed directly to that element of the case. Coming from a source so grave it must have prejudiced defendant's rights.

Let the judgment and order be reversed, and the cause remanded for a new trial.

HARRISON, J., and PATERSON, J., concurred.

Hearing in Bank denied.