[No. 21133. Department Two.—December 3, 1894.]

THE PEOPLE, RESPONDENT, *v.* E. LEHMANN, APPEL-
LANT.

CRIMINAL LAW—SEDUCTION UNDER PROMISE OF MARRIAGE—MARRIAGE,
HOW CONSTITUTED.—A verdict of guilty of seduction under promise of
marriage will not be set aside upon the ground that the parties were
married, where there was no solemnization of marriage, and no present
consent to marriage followed by a mutual assumption of marital rights,
duties, or obligations, evidenced by cohabitation of the parties as hus-
band and wife.

ID.—INTRODUCTION AS WIFE—PROOF OF MARRIAGE—COHABITATION.—The
mere introduction of the prosecuting witness as the wife of the defend-
ant is not sufficient to prove a marriage, where there is no proof of a
present contract of marriage, and that the parties lived or dwelt
together in the same habitation; and the mere using together of a
boat for a short trip as a means of conveyance, and stopping together
as transient guests at a hotel during a short journey, does not make the
parties habitants of the boat or hotel, or prove cohabitation.

APPEAL from a judgment of the Superior Court of
San Joaquin County and from an order denying a new
trial.

The facts are stated in the opinion.

*Gould & Baldwin, F. H. Gould,* and *W. R. Jacobs,* for
Appellant.

*Attorney General W. H. H. Hart,* and *Deputy Attorney
General Charles H. Jackson,* for Respondent.

HAYNES, C.—Appellant was found guilty of the seduc-
tion of Rosa Hunzeker under promise of marriage, and
was sentenced to pay a fine of five hundred dollars. He
now appeals from said judgment, and an order denying
his motion for a new trial.

Appellant contends, that, at the time of the commis-
sion of the alleged offense, he and Rosa were husband
and wife; and whether such relation existed is the sole
question made upon this appeal.

The defendant, a man forty-three years of age, lived
near Lemoore, in Tulare county. In August, 1893, he

visited a marriage bureau in San Francisco, where he was introduced to Rosa Hunzeker. During this visit of defendant to the city mutual promises to marry were made between them. Defendant then returned to his ranch in Tulare county, and while there wrote several letters to Rosa appropriate to such relation only. In October defendant again came to the city, and at this time it was arranged that on Saturday they should leave the city, go to Lemoore, and there be married on the following Tuesday. Before leaving the city defendant purchased carpets for his house, the carpets being selected by Rosa. Defendant also hired a man and his wife, who were to accompany them, the man to work on the ranch and the wife to assist Rosa. It was further arranged that they should go by way of Stockton, defendant saying that he wished to purchase lumber there for the erection of a dryhouse.

Defendant bought a steamer ticket for a stateroom from San Francisco to Stockton, purporting to be for himself and wife, and upon the boat introduced her as his wife, she being silent and making no remonstrance.

Upon the witness-stand Rosa denied that she saw the steamer tickets, but admitted that on the way to the boat defendant said he had two rooms, " one for those people, and one for us." She further testified that defendant said on the boat that they would marry on Tuesday; that she did not want to go to the room, and wept, and that defendant said she should not be so foolish, there were but two days more.

Upon cross-examination she said in reply to leading questions that they occupied the stateroom as man and wife, and were so registered at the hotel in Stockton, and there occupied the same room, and was introduced as Mrs. Lehmann, and upon the boat and at the hotel had sexual intercourse with defendant.

The testimony of Mrs. Skelly, with whom Rosa lived up to the day she went to Stockton, is explicit as to the intended marriage at Lemoore, and that defendant did

not claim or pretend that they were then man and wife. Mrs. Skelly suggested to defendant that it was not prudent for Rosa to go with him without being first married; to which defendant replied: " I have a great many men working for me upon my ranch, and I am losing a great deal of money. I have every thing prepared up there to be married next Tuesday."

There is not a scintilla of evidence of any agreement or understanding that they should become husband and wife before the designated day, or before their arrival at Lemoore, nor without the usual solemnization, unless it is found in the introduction by defendant of Rosa as his wife, and their occupying the same room upon the boat and at the hotel, and the admitted copulation. The defendant left Rosa at Stockton without explanation, and, so far as the record discloses, did not again see her until the trial of this case.

Section 55 of our Civil Code is as follows: " Marriage is a personal relation arising out of a civil contract, to which the consent of parties capable of making it is necessary. Consent alone will not constitute marriage; it must be followed by a solemnization, or by a mutual assumption of marital rights, duties, or obligations."

What constitutes a " mutual assumption of marital rights, duties, or obligations" has been so fully discussed and repeatedly declared by this court, that a brief reference to some of these cases is all that is either necessary or profitable now.

In *Sharon* v. *Sharon*, 75 Cal. 9, it was said that "the contract out of which the marriage relation arises must be a contract *then and there* to become husband and wife." But in this case there was no such contract, unless the copulation and the introduction may be held to be sufficient to show such contract to have been made. In *Kilburn* v. *Kilburn*, 89 Cal. 50, 23 Am. St. Rep. 447, it was said: " The mutual agreement of the parties to live together in the professed relation of husband and wife is essential to create a contract of marriage, and the contract, therefore, imposes upon the

parties to it the obligation to do so; and where the agreement to marry is not followed by solemnization there is no assumption of marital rights, duties, or obligations, within the meaning of section 55 of the Civil Code, until the commencement of cohabitation by the parties to the agreement; and by cohabitation, is not meant simply the gratification of the sexual passion, but 'to live or dwell together, to have the same habitation, so that where one lives and dwells there does the other live and dwell also.' . . . . Mere copulation without such cohabitation is insufficient." (See, also, *Sharon* v. *Sharon*, 79 Cal. 670, and *People* v. *Beevers*, 99 Cal. 286.)

Here there was no cohabitation. The parties were in transit from San Francisco to Lemoore. Passengers using a boat for a short trip as a means of conveyance, or transient guests at a hotel during a short journey, are not habitants of the boat or hotel. It is true that registering upon the boat and at the hotel as husband and wife, introductions as such, and occupying the same room, is evidence tending to show that such relation existed; but, taken alone, is wholly insufficient to establish the existence of so sacred and important a relation which so directly concerns the public morals. Such conduct, though natural and proper where the parties are in fact married, is for that very reason often resorted to for the concealment of relations purely meretricious. Indeed, if such conduct were held conclusive proof of marriage, the number of persons who could be legally convicted of bigamy would be alarmingly increased.

In this case neither the prosecutrix nor the defendant claimed nor asserted that there was a marriage, or that the relation of husband and wife ever existed between them, by any act or word done or uttered after the defendant left the prosecutrix at the hotel in Stockton. There is no conflict in the evidence, and the question is, therefore, one of law, whether the facts developed by the evidence constituted a marriage, or

created the relation of husband and wife, and this ques-
tion must be answered in the negative.

The judgment and order appealed from should be
affirmed.

SEARLS, C., and TEMPLE, C., concurred.

For the reason given in the foregoing opinion the
judgment and order appealed from are affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.