MASON LANE, ALIAS JEAN SYKES, *v.* STATE OF MISSISSIPPI.*

CRIMINAL LAW.   *Bigamy.   Indictment.   Defense.   Marriage, prior to first one charged.*

If the first marriage charged in an indictment for bigamy be shown to have been void because of a previous valid existing marriage, the defendant cannot be convicted thereunder.

FROM the circuit court of Claiborne county.

HON. GEORGE ANDERSON, Judge.

Lane, alias Sykes, was indicted, tried and convicted of bigamy, and appealed to the supreme court.   The facts, upon

---

* This case was the last one decided in the old capitol, first occupied in 1839, and from which the state government removed in September, 1903.

which the case was decided, are stated in the opinion of the court.

*J. McC. Martin,* for appellant.

The first essential element of bigamy is a valid marriage, entered into by the defendant prior to the alleged bigamous marriage. An indictment for bigamy cannot be sustained where the prior marriage was void. *Davis* v. *Com.,* 13 Bush (Ky.), 318; *Hull* v. *State,* 7 Texas App., 593; *Breakey* v. *Breakey,* 2 U. C. Q. B., 353.

It is clear that unless the first marriage be valid, the crime of bigamy cannot be committed. 1 Roscoe's Criminal Evidence (8th ed.), 454; *Beggs* v. *State,* 55 Ala., 108; *Cooly* v. *The State,* 55 Ala., 162; *People* v. *Beevers,* 99 Cal., 286; *Shaffer* v. *State,* 20 Ohio, 1; *State* v. *Cone,* 86 Wis., 498.

If the defendant was already lawfully married at the time the first marriage alleged in the indictment took place, such marriage is a nullity, and the second marriage laid in the indictment cannot constitute the offense of bigamy. *State* v. *Goodrich,* 14 W. Va., 834; *Madison's Case,* 1 Hale, 693; *Commonwealth* v. *McGrath,* 140 Mass., 296; *People* v. *Chase,* 27 Hun. (N. Y.), 256.

Where A marries B, and afterwards marries C during B's life; and still afterwards, when divorced from B, but during C's life, marries D, the last marriage is not bigamous, because the second was void. *Halbrook* v. *State,* 34 Ark., 511.

*J. N. Flowers,* assistant attorney general, for appellee.

The case has been carefully gone over and the books have been searched to a considerable extent to find some authority to uphold the action of the court below in requiring the accused to submit his case to the jury after the admission on the part of the state that when he married Rosa Pitts, in Arkansas, he had a living lawful wife in the person of Patti Morris, of Texas. No such authority has been found; on the other hand, we find

that the rule contended for by appellant has been recognized by this court in *Crawford's Case,* 73 Miss., 173.

The Encyclopedia of Law writers did not cite a single case *contra.* 4 Am. & Eng. Enc. Law (2d ed.), 38.

It is a condition and not a theory that confronts us.

We submit the case without further argument.


WHITFIELD, C. J., delivered the opinion of the court.

The rule is thoroughly settled that one indicted for bigamy must be acquitted on that indictment if he can show that the first marriage alleged in the indictment is void by reason of the existence of a prior lawful marriage, still existing. *State* v. *Goodrich,* 14 W. Va., 834; *Commonwealth* v. *McGrath,* 140 Mass., at pages 297, 298, 6 N. E., 515; Am. & Eng. Enc. Law (2d ed.), vol. 4, p. 38; *Crawford's Case,* 73 Miss., 172, 18 South., 848, 35 L. R. A., 224. In *Goodrich's Case, supra,* the court said: "The defense which the prisoner sought to establish by the evidence which the court rejected was that he had, on the 30th of April, 1873, in Union county, Ohio, been lawfully married, according to the laws of Ohio, to Sarah Snodgrass, and that she was still living, and that this marriage was in full force when he was married, on the 29th day of November, 1874, to Frances L. Smith, in Wisconsin; that he (the prisoner) being then a married man, this marriage to Frances L. Smtih was a mere nullity, and absolutely void *ab initio.* The indictment alleged the offense of the prisoner to be the marrying by the prisoner, on May 5, 1877, in Iowa, of Clara Allen, while his wife, Frances L. Smith, was living. It was incumbent on the state to show that Frances L. Smith was his lawful wife, and the prisoner's defense, sought to be established by the evidence rejected by the court, was that Frances L. Smith was never the lawful wife of the prisoner, as he was a married man when he married her. If the first marriage laid in the indictment was a nullity, then the second marriage laid in the indictment could

not constitute the offense of bigamy; and, if the prisoner was a married man when the first marriage charged in the indictment took place, this marriage was an absolute nullity in Wisconsin."

The attorney general, with that commendable frankness which has always characterized his conduct of cases at this bar, confesses that this error is fatal. The authorities speak but one voice on the subject. The case made here is this: The indictment charges that the appellant, on the 12th of January, 1903, married, in Mississippi, Teresa Whetstone, having theretofore married Rosa Pitts, Rosa Pitts being alive at the time of the marriage to Teresa Whetstone. The evidence shows that appellant was married on the 6th of September, 1900, to Patty Morris, at Carville, in the state of Texas; second, that appellant married Rosa Pitts, at Russellville, in the state of Arkansas, subsequently, whilst Patty Morris was still living and his lawful wife; and, third, that afterwards, whilst both of these women were alive, he married in this state Teresa Whetstone. Under the authorities cited upon these facts, it is obvious that the court should have given the twelfth charge asked by the defendant, which is, in effect, a peremptory charge. The first marriage alleged in the indictment being the one with Rosa Pitts, and that marriage being void because appellant had theretofore been lawfully married to Patty Morris, who was then living, and who was also living at the time of the marriage to Teresa Whetstone, the defendant could not be convicted of bigamy under this indictment and proof.

*Reversed and remanded.*