BRIDGET O'BRIEN AND MARGARET O'BRIEN, KATHE-RINE O'BRIEN AND RITA O'BRIEN, BY THEIR NEXT FRIEND, BRIDGET O'BRIEN, RESPONDENTS, v. DET FORENDE DAMPHIBS SELSKAB, KNOWN AS THE SCANDINAVIAN-AMERICAN LINE, APPELLANT.

Submitted December 8, 1919—Decided March 1, 1920.

1. Prior to the act of congress of October 6th, 1917 (40 *Stat. at L.*, *p.* 395, *chap.* 97; *Comp. Stat.*, *p.* 991), the New Jersey work-men's compensation laws did not apply to injuries or death suf-fered by employes engaged in and arising out of. maritime em-ployment. Citing *Southern Pacific Co.* v. *Jensen*, 244 *U. S.* 205, and *Clyde Steamship Co.* v. *Walker*, *Id.* 255.

2. The act of congress of October 6th, 1917 (*supra*), making state workmen's compensation laws applicable to maritime and inter-state commerce accidents, is not retroactive. Citing *Coon* v. *Kennedy*, 91 *N. J. L.* 598, and *Peters* v. *Veasey*, United States Supreme Court Report, January, 1920.

3. An erroneous belief that the New Jersey workmen's compensa-tion laws applied to an employe's injury or death suffered in a maritime accident, the facts of which accident were fully known. was a mistake of law, and not of fact, and does not invalidate a resulting voluntary contract of compromise and settlement of a claim arising out of such injury or death.

4. The New Jersey Workmen's Compensation Aid Bureau has no authority to compel parties to enter into a compensation agree-ment. It may invite them to do so. and if they do not, may cer-tify the case and its facts to the Court of Common Pleas with the same effect as if a petition for compensation had been filed

with said court as provided for by law. A compensation agreement entered into upon such an invitation accompanied by a statement that such a certification to court would be the result of a failure to comply with the invitation, is not entered into under compulsion.

On appeal from the Supreme Court.

For the appellant, *Walter L. Glenney.*

For the respondents, *Collins & Corbin.*

The opinion of the court was delivered by

WHITE, J.   In 1916 Michael O'Brien, while in the employ of the defendant and at work in the hold of its vessel, which was unloading at its dock in Hoboken, New Jersey, received injuries from which he died. The plaintiffs are his widow and three infant children, together with the administrator of his estate. The suit is upon an agreement in writing, signed March 12th, 1917, by the defendant and by the widow of the deceased (the latter's signature being witnessed by his administrator) and approved by the Workmen's Compensation Aid Bureau, wherein defendant agreed to pay and the widow, in behalf of the dependents, agreed to accept, as compensation $10 per week during three hundred weeks, making in all $3,000. That amount and period corresponded with those fixed by the provisions contained in section 11 of the Workmen's Compensation law of New Jersey, and the agreement was on form No. 4 of the Workmen's Compensation Aid Bureau. The defendant, who had already paid the $100 funeral expenses pursuant to section 12 of said law, made payments of $10 per week under the terms of said agreement, to the administrator of the deceased (taking Workmen's Compensation law receipt therefor) until July, 1917, when it learned of the decisions of the Supreme Court of the United States in *Southern Pacific Co.* v. *Jensen,* 244 *U. S.* 205, and *Clyde Steamship Co.* v. *Walker, Id.* 255, holding that in cases falling within the scope of congressional legislation regarding accidents in mari-

time or interstate commerce operations said legislation was exclusive and that the workmen's compensation laws of the states had no application, whereupon defendant stopped making such payments. The suit and the resulting judgment in favor of the plaintiff are for installments which have matured since that time.

The accident came within the exclusive maritime jurisdiction of the federal courts (*Southern Pacific Co.* v. *Jensen, Clyde Steamship Co.* v. *Walker, supra*) and occurred before the amendatory act of congress of October 6th, 1917 (40 *Stat. at L., p.* 395, *chap.* 97; 1918 *Comp. Stat., p.* 991) which provided a clause saving to claimants the rights and remedies under the Workmen's Compensation law of any state. This amendatory act is not retroactive. *Coon* v. *Kennedy,* 91 *N. J. L.* 598; *Peters* v. *Veasey* (decided by the Supreme Court of the United States December 8th, 1919), 40 *S. C. Rep.* 65.

The case, therefore, depends upon the effect of the written contract (form No. 4) entered into between the parties evidently under the mutual impression that the accident fell within the operation of section 11 of the Workmen's Compensation law, and that if they did not make the agreement which they did make, the Court of Common Pleas would, at the instance of one of the parties or of the Workmen's Compensation Aid Bureau, make an order to the same effect.

The first question is, was the mutual mistake one of fact or one of law. If a mistake of fact, the minds of the parties may never have met upon the real substance of their contract and the contract may be void. If a mistake of law, there was no such failure of a meeting of the minds of the contracting parties and the contract is binding. A mistake of fact is where a person understands the facts to be other than they are; whereas a mistake of law is where a person knows the facts as they really are but has a mistaken belief as to the legal consequences of those facts.

We think the mistake clearly one of law. Both parties knew under what circumstances the employe, O'Brien, was killed and what he was working at and where, when the

accident happened. There was no mistake about any of the facts. They both thought, however, that the legal result of those facts was that the defendant was liable to pay compensation under the New Jersey Workmen's Compensation law. In this view of the law they were mistaken. But their mistake was a mistake of law and does not invalidate the contract which they entered into while laboring under it if that contract rests upon a valid consideration and was entered into voluntarily. This was our view in *Holzapfel* v. *Hoboken Manufacturing Co.,* 92 *N. J. L.* 193, where the agreement was identical with the one here involved and between like parties and the accident occurred in interstate commerce, so that it fell under the rule of the Jensen case, just the same as does the maritime accident in the case at bar. We think the Holzapfel case is controlling.

We think the contract is supported by a valid consideration. It was in its effect a compromise and settlement of the claim, whatever that be called, arising from the death, and while signed by the widow alone, on behalf of herself and the others, it is now ratified as a result of the bringing of this suit by and on behalf of the administrator and the minor children of the deceased. This point was particularly dealt with by the opinion of Mr. Justice Parker speaking for this court in the *Holzapfel case, supra.*

It is further urged that the agreement was not voluntary, because made under the alleged compulsion of the act of 1916 (chapter 54) and under a threat made by the Workmen's Compensation Aid Bureau of a $50 fine under that act and under chapter 156 of the laws of 1912. This claim is without foundation in fact The act of 1912 simply requires (under penalty of $50 fine for violation) a report of each accident and of certain data regarding the same; and the act of 1916 provides among other things, that "whenever an employer shall by agreement signed by the injured workman or his dependents, without recourse being had to the Court of Common Pleas, settle upon and determine the compensation due to the injured employe or his dependents as provided by law, the employer shall forthwith file with

the Workmen's Compensation Aid Bureau, a copy of such agreement," and that "No such agreement shall be conclusive unless approved by the bureau." There is nothing in any of this legislation which makes it compulsory that the agreement in question should be entered into. The parties are at liberty to enter into such an agreement or not just as they see fit. If they do enter into it a copy must be filed with and approved by the bureau if it is to be binding. This being so, the bureau had no authority to compel the making of the agreement. If the bureau saw fit to issue such an order not authorized by legislation the order was void. As a matter of fact, however, no such order seems to have been issued. What the bureau did, having received notice of the accident and of the fact that death resulted (forms 1 and 2), was to send to the employer form No. 4 (which is for an agreement by the employer to pay and by the dependents to accept compensation and fixing the amount and duration thereof) with the information that, "this blank must be made out and returned to this bureau within one month after the death of the injured to prevent certification to the court. See chapter 54, laws 1916." This was clearly not an order to enter into the agreement. It was simply an invitation so to do, issued in accordance with the provisions of the act of 1916, which directed the bureau to endeavor to bring to settlement all pending claims, and in the event of undue delay, to certify a set of facts relating to the claim to the Court of Common Pleas of the proper county, whereupon, unless the employe or his dependents had already instituted proceedings for compensation, such certificate should operate as a petition therefor. We think there was nothing of a compulsory nature in this invitation.

For the reasons above stated the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 14.

*For reversal*—None.