[Crim. No. 2370. Second Appellate District, Division Two.—September 14, 1933.]

THE PEOPLE, Respondent, v. WILLIAM BISBEE, Appellant.

Ralph Edgington for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

STEPHENS, J.—Defendant appeals from a judgment following a conviction of bigamy and from the denial of his motion for a new trial. The case was tried by the court without a jury.

The point upon which appellant asks us to reverse the judgment is that he was already legally married when he married the woman claimed in the information to be his legal wife, and that the evidence upon this point is conclusive.

There is some indirect evidence in the case to the effect that appellant had been married five times, but only three marriages were proved. He married Marie Shay in 1923, Viola Kelly in 1930 and Pauline Gallagher in 1932, the last named being the marriage upon which the information herein is based. The arresting officer testified that appellant told him that he had been married twice before the marriage to Viola Kelly and that there had been an annulment as to one and a divorce as to the other. In appellant's direct testimony it is claimed that no divorce or annulment, so far as his knowledge goes, had ever affected his marriage

to Marie Shay. On cross-examination, however, he testified: "Q. Now isn't it true that after your arrest in San Bernardino Lieutenant Ryan inquired of you about former marriages and asked you if you had ever been married to anyone before the time you were married to Viola Kelly, and that you told Lieutenant Ryan that you had been married twice before that, and that one of the marriages had been annulled and the other had been dissolved by divorce, or words to that effect? A. I did. Q. That is true? A. Yes." If this is true he was free to marry Viola Kelly.

There is much inconsistency to be found in appellant's testimony, but it would seem useless to notice it here specifically.

Judgment and order affirmed.

Craig, Acting P. J., and Archbald, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 29, 1933, and the following opinion then rendered thereon:

STEPHENS, J.—We appreciate the fact, as set out in the petition for rehearing, that the arresting officer's testimony is not wholly in accord with the facts related in the question quoted in the opinion. This, however, does not change the situation as appellant not only answered the question put to him but followed with an affirmance of the facts upon which the question was based.

But there are other reasons why the judgment must be affirmed. A careful analysis of the testimony shows that there is no substantial evidence that appellant was ever married to any others than Marie Shay, Viola Kelly and Pauline Gallagher. The trial court may have believed either that a divorce or annulment had been secured by the first one mentioned or that appellant was the legal spouse of the second one mentioned under the provisions of section 61 of the California Civil Code. ■ Appellant testified positively that he had been absent from, had not seen or heard of or from Marie Shay for about six years before he married Viola Kelly and that he did not know whether she was dead or alive. Under this testimony the second marriage was

"valid until its nullity is adjudged by a competent tribunal". (Sec. 61, Civ. Code.)

The testimony demonstrates that, of the three marriages proved, he contracted the third one without any dissolution of the second one. In these circumstances neither the trial court nor an appellate court will indulge in strained inferences from inconsistent, indefinite and improbable testimony that perhaps, after all, appellant was married to someone else when he married the second wife, therefore he should be acquitted of legal wrong in taking the third wife under representation that he was an unmarried man.

Rehearing denied.

Craig, Acting P. J., and Archbald, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 15, 1933.