[Crim. No. 2160. First Appellate District, Division Two.—March 3, 1941.]

THE PEOPLE, Respondent, v. BOYD BURKE, Appellant.

John W. Montgomery and Francis E. Zinghiem for Appellant.

Earl Warren, Attorney-General, William F. Cleary and James A. Arnerich, Deputies Attorney-General, for Respondent.

NOURSE, P. J.—The defendant was convicted of the crime of bigamy upon an information charging a marriage on October 4, 1938, he then "having a wife living". The state proved, and the defendant admitted, that he had married three separate women—one on July 30, 1936, another on July 16, 1938, and another on October 4, 1938. The first and third marriages were contracted under assumed names. Upon arraignment the defendant first pleaded guilty, then withdrew his plea and entered a plea of not guilty and admitted a prior conviction of petty theft.

The first wife was twenty-one years of age at the time of her marriage in July, 1936. She left defendant about a month after the marriage and defendant had not seen or heard of her since. The second wife appeared at the trial and testified. Competent proof of all three ceremonies was made. The main ground of appeal is that the evidence is insufficient to prove that the defendant had a "wife living" at the time of the third marriage.

■ Appellant's argument rests wholly upon a confusion of the weight of presumptions as evidence. It is that, since he is presumed innocent of crime at the time of his third marriage, then the presumption of "continued life" running to the first wife is dispelled. But, upon the same theory, the presumption of innocence running to the second marriage would dispel the same presumption. Hence, the second marriage would have been valid, and the wife of that marriage appearing in court was sufficient proof that appellant had "a wife living" at the time he contracted the third marriage. Thus the two presumptions of innocence running to the second and third marriages conflict with each other, and the jury was permitted to presume, or infer, either that the first wife was living at the time of the third marriage, or that she was dead at the time of the second. It might have rejected both of these presumptions of law and inferred, from the evidence and physical condition of the first wife, and other facts proved, that she was alive at the time of the third marriage, or it might have rejected all these presumptions and inferences and inferred that she was dead at the time of the second marriage. In the face of the positive evidence that the second wife was living at the time of the third marriage there is no room for the presumption of innocence in relation to the third marriage. But the circle ends with the duty of this court to assume that the jury accepted whatever presumption or inference may be necessary to sustain its verdict.

■ The evidence relating to the second marriage is objected to as being evidence of a distinct crime. It was clearly admissible as a part of the state's case in chief, as well as evidence of intent.

■ The appellant's brief states that several instructions were objectionable and erroneous, but without further citation or comment. This manner of presentation does not present a debatable question on appeal. ■ We have examined the proposed instructions and find that they were properly rejected as they would have served only to confuse the jury. They were to the general purport that the jury must presume that wife number one was alive at the time of the second marriage, and dead three months later when the third marriage was contracted; that the jury must presume that the

defendant was guilty of crime in the second marriage but innocent in the third.

There is no error in the record.

The judgment and order denying a new trial are affirmed.

Sturtevant, J., and Spence, J., concurred.