[Crim. No. 4433.   In Bank.   Aug. 18, 1942.]

THE PEOPLE, Respondent, v. REGINALD RAYMOND
LaMARR, Appellant.

Donald Kolts for Appellant.

Earl Warren, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

THE COURT.—This cause was taken over after decision by the District Court of Appeal, Second District, Division Three. Upon further examination of the record, we adopt the opinion of Presiding Justice Schauer, with certain omissions and additions, as and for the decision of this court, as follows:

Defendant appeals from a judgment convicting him of the crime of bigamy under section 281 of the Penal Code, and from an order denying his motion for a new trial. The pertinent facts developed at the trial are as follows: On May 24, 1929, defendant married one Wally Meyer LaMarr in San Francisco, California; on March 20, 1935, he married Selma LaMarr in Ventura, California, while his marriage to Wally Meyer LaMarr was still in effect; and on November 23 or 24, 1938, he married Josephine LaMarr at Yuma, Arizona, neither of the two earlier marriages having been theretofore annulled or dissolved by divorce or death of a contracting party. The three wives were present in court and testified at the trial. Section 281 of the Penal Code provides that "Every person having a husband or wife living, who marries any other person, except . . . [in certain situations not existing here], is guilty of bigamy."

The amended information, upon which defendant was convicted, alleged "That the said *REGINALD RAYMOND LaMARR* on or about the *23rd* day of *November, 1938,* . . . did knowingly, willfully and feloniously marry one Josephine Roney, said defendant being then and there the lawful husband of another person, to wit: Mrs. Selma LaMarr, then and there living, the marriage of said defendant and said Mrs. Selma LaMarr not having been annulled or dissolved and said defendant and said Josephine Roney having there-

after cohabited together as husband and wife in the County of Los Angeles, State of California. . . .'' It was not until the trial that, by the testimony of defendant and of defendant's witness, Wally Meyer LaMarr, the fact of defendant's marriage to Wally Meyer LaMarr previous to his other two marriages was disclosed. Although some question is raised in the appeal briefs of the parties as to whether the trial court accepted the testimony of defendant and of Wally Meyer LaMarr concerning their marriage to each other, and as to whether the court may have drawn an inference of a divorce between them before defendant contracted his next marriage, to Selma LaMarr, we find no indication in the record as to the relative weight given by the trial court to the testimony of the various witnesses or as to the inferences deducible therefrom, and so proceed on the basis of the facts as set forth above.

Defendant contends, chiefly, that he could not be convicted under the allegations of the amended information for the reason that at the time of his marriage to Selma LaMarr, alleged in the information to be the lawful marriage, he was legally married to Wally Meyer LaMarr. This contention cannot be sustained. It is to be noted that defendant makes no claim to having been divorced from Wally Meyer LaMarr at any time, and on the contrary the evidence produced by him established without contradiction that he was still her husband at the time of his third marriage.

We know of no California case in which this point has been squarely decided. It is necessary therefore that we proceed by reason, examining en route such authorities as seem pertinent to ascertain whether they either tend to guide us to or away from the conclusion which reason suggests.

Defendant relies principally upon *People* v. *Spitzer,* (1922) 57 Cal. App. 593 [208 Pac. 181], in which a contention of the defense, as here, was that defendant was the lawful husband of another woman at the time he was married to the wife alleged in the information to be the lawful (or first) wife. In that case the court said, at page 594, "It seems to be the law that if the first marriage alleged in an information charging the crime of bigamy be shown to have been void because of a previous valid existing marriage, the defendant cannot be convicted thereunder. (*Commonwealth* v. *McGrath,* 140 Mass. [296] 297 [6 N. E. 515]; *State* v. *Sherwood,* 68 Vt. 414 [35 Atl. 352]; *People* v. *Mock Yick Gar,* 14

Cal. App. 334 [111 Pac. 1039].) As said in *Lane* v. *State*, 82 Miss. 555 [34 So. 353], 'the rule is thoroughly settled that one indicted for bigamy must be acquitted on that indictment if he can show that the first marriage alleged in the indictment is void by reason of the existence of a prior lawful marriage, still existing.' '' The court also stated in denying a petition for rehearing that ''. . . while, as held in the main opinion, the New York marriage to Mary Truell [first marriage], had it been established, would have constituted a technical defense, nevertheless, since it was not proven, defendant must upon this record be deemed guilty as charged.'' It appears therefore that this case is not authority for the proposition on which defendant relies. No showing was there made that the first marriage alleged in the information was void because of a previous valid existing marriage. Hence, the statements from the opinion therein, quoted above, are dicta and were unnecessary to the decision of the case.

There is a fundamental difference between the proposition that proof of *a* valid previously contracted and existing marriage is absolutely essential as a basis for guilt of bigamy on subsequently contracting another marriage and the theory that proof of invalidity of the first marriage *charged in the information*, through establishing a prior existing marriage, requires acquittal. If there was *no* valid existing marriage at the time of the alleged bigamous marriage obviously the defendant is not guilty of bigamy. Proof of a marriage contracted prior to and valid at the time of that alleged in the information to be the valid or first marriage would destroy the probative value of the *alleged* first marriage and to that extent would be material. But the gravamen of the offense is the *bigamous marriage*. If at the time of the *alleged bigamous marriage*, the defendant was already validly married to *any* spouse, he obviously became guilty (in fact) of bigamy on the latter marriage. The former proposition involves a question of substantive proof, the latter a question of pleading and procedure. If *no* valid prior marriage is proved then the alleged bigamous marriage is in fact a legal marriage but if *any* valid prior existing marriage is proved then the *status of the defendant as a married person* is established and a subsequent marriage *during the existence of that status* is bigamous. A misnomer in the information, of the spouse, marriage to whom established the *status* of the defendant, is not neces-

sarily, in our opinion, fatal to the judgment. It was said in *People* v. *Priestley,* (1911) 17 Cal. App. 171, 176 [118 Pac. 965], that ''It is immaterial when or where the first marriage took place if the accused, at the time of the second marriage, had a wife living. . . . 'As the first marriage is not criminal, but its existence a condition which makes the second marriage a crime, it is of itself a fact, and there is no substantial reason why the averment of it should ever have been required except in general terms.' '' ▮ The essential things for the pleading and proof to show are (1) the *previously established status* of the defendant as a married person and (2) his additional marriage *during perdurance* of that status. ▮ It is the *additional* marriage which identifies the particular crime. The name of the person with whom, and to some extent the place where, and the date when, the additional or bigamous marriage took place are important to identify the crime and protect the defendant against being placed in jeopardy more than once for that offense, but the name of the person with whom and the place where and the time when the *marriage establishing the status* was consummated have no significance in identifying the particular crime and are important only to the extent that the defendant be not misled and prejudiced in preparing his defense on the facts tending to establish such status.

If the people rather than the defendant had produced the evidence of defendant's marriage to Wally Meyer LaMarr, seeking without previous notice to defendant to establish his status as a married person by virtue of his marriage to Wally in San Francisco on May 24, 1929, instead of by virtue of the specifically alleged marriage to Selma in Ventura on March 20, 1935, he perhaps would have some basis for contending that he had been misled in preparing his defense, that the information should have been amended, or at least that he should have had a continuance to enable him to prepare to meet such ''surprise'' testimony. But here the defendant did not seek any continuance and certainly he was not surprised by facts which he himself adduced. By the information which was filed he was fully and correctly informed of the particular criminal act with which he was charged. His own testimony, voluntarily given, and that of his witness, was as competent to prove his previously contracted married status and its existence at the time of the bigamous marriage as could have been any evidence that the People might have

produced. It therefore appears that the defendant has not been misled as to the nature or identity of the criminal charge against him, he has not been taken by surprise by the evidence adduced, and he is not in danger of being twice put in jeopardy for the same offense. ▮ A mistake of law as to what would constitute a technical defense is no ground for reversal of the judgment. " 'A mistake of fact' is where a person understands the facts to be other than they are; whereas a 'mistake of law' is where a person knows the facts as they really are, but has a mistaken belief as to the legal consequences of those facts." (Quoted from *O'Brien* v. *Selskab*, 94 N. J. L. 244, 246 [109 Atl. 517]; 40 C. J. 1227, in *People* v. *Kelly*, (1939) 35 Cal. App. (2d) 571, 574 [96 P. (2d) 372].)

It is not to be implied from what we have said that the state could allege as the lawful marriage a defendant's marriage to B and a subsequent bigamous marriage to C; and then upon proof by the defendant, or otherwise, that he had in fact previously married A and that the marriage to B took place during the existence of the marriage to A, thereupon claim a conviction on the charge as laid, *on the theory that the B marriage was the bigamous one*. On that theory the defendant would be entitled to acquittal on the ground of variance (§ 1151, Pen. Code); there would be a failure of proof; i.e., the identity of the crime would be different. The first marriage (to A), while it continued to exist at the time of the marriage to B, might have been terminated before the marriage to C. In that case the C marriage would be lawful and the B marriage, although bigamous in fact, could not support a conviction on the charge as stated because *it* was not alleged as the crime. But if, as here, it appeared that the A marriage continued as a valid status not only at the time of the B marriage but also at the time of the C marriage, then the C marriage would be bigamous as charged and would support a conviction. Proof of *any* valid marriage previous to the alleged bigamous marriage and existing at the time of the latter would establish the married status of the defendant and support the charge that the latter marriage was bigamous. The identity of the crime for that bigamous marriage would obviously be the same regardless of when, where or with whom the valid status-establishing marriage took place.

It is thus apparent that proof of a valid marriage prior to

and existing at the time of the marriage alleged in an information to be the first or status - establishing marriage may or may not constitute a defense to the charge. If it existed at the time of the *alleged* first marriage but was dissolved before the alleged bigamous marriage it constitutes a complete defense because in that case the alleged bigamous marriage is in fact valid. But if the proof shows that the first consummated marriage perdured from a time previous to the first *alleged* marriage through the time when the alleged bigamous marriage was contracted then that proof supports conviction.

In view of our conclusion that the discussion of the issue in the Spitzer case, *supra,* is dictum we find it unnecessary to here discuss in detail the authorities cited in the Spitzer decision. Suffice it to say that they presented either distinguishable factual situations or turned on questions of pleading and proof.

If there be any point to defendant's contention it is purely a question of variance between pleading and proof. An immaterial variance should be disregarded (14 Cal. Jur. 96; *People* v. *Mizer,* (1940) 37 Cal. App. (2d) 148, 153-154 [99 P. (2d) 333]). The test of the materiality of a variance is whether the indictment or information so fully and correctly informs the defendant of the criminal act with which he is charged that, taking into consideration the proof which is introduced against him, he is not misled in making his defense, or placed in danger of being twice put in jeopardy for the same offense. (14 Cal. Jur. 96; *People* v. *Terrill,* (1901) 132 Cal. 497, 499, 500 [64 Pac. 894]; *People* v. *Freeman,* (1916) 29 Cal. App. 543, 544, 545 [156 Pac. 994]; *People* v. *Harrington,* (1928) 92 Cal. App. 245, 254, 255 [267 Pac. 942]; *People* v. *Thorn,* (1934) 138 Cal. App. 714, 733, 734 [33 P. (2d) 5]; *People* v. *Jacobs,* (1935) 11 Cal. App. (2d) 1, 6 [52 P. (2d) 945]; *People* v. *Woodson,* (1936) 11 Cal. App. (2d) 604, 606 [54 P. (2d) 33]; see, also, *People* v. *Arras,* (1891) 89 Cal. 223, 226, 227 [26 Pac. 766]; *People* v. *Evanoff,* (1919) 45 Cal. App. 108, 112 [187 Pac. 54].) From what has been said, we regard it as evident that under the test stated in the authorities cited any variance in the instant case was not material.

Appellant calls to our attention the cases of *People* v. *Beevers,* (1893) 99 Cal. 286 [33 Pac. 844]; *People* v. *LeDoux,* (1909) 155 Cal. 535 [102 Pac. 517]; *People* v. *Bisbee,* (1933)

134 Cal. App. 181 [25 P. (2d) 232]; and *People* v. *Kelly,* (1939) 32 Cal. App. (2d) 624 [90 P. (2d) 605]. In only two of these cases, *People* v. *Bisbee* and *People* v. *Kelly,* were three marriages of a defendant involved. Neither of the other two cases states any principle pertinent to our discussion. In *People* v. *Bisbee* defendant claimed as a defense to a charge of bigamy the fact that he had married another woman prior to the marriage alleged in the information to be the lawful one. On denying petition for rehearing after affirming defendant's conviction of bigamy, the court there said, at page 183: "Appellant testified positively that he had been absent from, had not seen or heard of or from Marie Shay for about six years before he married Viola Kelly and that he did not know whether she was dead or alive. Under this testimony the second marriage was 'valid until its nullity is adjudged by a competent tribunal.' (§ 61, Civ. Code.)

"The testimony demonstrates that, of the three marriages proved, he contracted the third one without any dissolution of the second one. In these circumstances neither the trial court nor an appellate court will indulge in strained inferences from inconsistent, indefinite and improbable testimony that perhaps, after all, appellant was married to someone else when he married the second wife, therefore he should be acquitted of legal wrong in taking the third wife under representation that he was an unmarried man." We perceive nothing in that case (*People* v. *Bisbee*) which requires us to make the holding defendant seeks by this appeal. Defendant's second marriage there was found valid, and the decision does not constitute authority for the proposition that had it been found invalid and had the first marriage continued in effect at the time of the third, defendant would have been entitled to an acquittal.

In *People* v. *Kelly,* (1939) *supra,* 32 Cal. App. (2d) 624 [90 P. (2d) 605], the judgment of conviction of bigamy and the order denying defendant's motion for new trial were affirmed, where the question of defendant's marriage to another woman prior to the marriage relied upon by the prosecution as the lawful marriage was not raised until the hearing on the motion for a new trial. On a subsequent appeal (*People* v. *Kelly,* (1939) 35 Cal. App. (2d) 571 [96 P. (2d) 372]) an order denying defendant's motion to vacate the judgment of conviction was also affirmed. Defendant, how-

ever, contended that his admittedly third marriage, for which he was prosecuted, was not itself bigamous but was rendered valid under the provisions of subdivision one of section 282 of the Penal Code by the fact that he had not heard from his first wife for five years at the time he married his third (see page 574 of the opinion). That is not akin to the factual basis in the present appeal.

*People* v. *Burke*, (1941) 43 Cal. App. (2d) 316 [110 P. (2d) 685], is also a case in which three marriages of defendant were involved. All three were proved by the prosecution and admitted by defendant, who contended, however, that neither number two nor number three was bigamous, by reason of various presumptions asserted by him as to innocence and as to the continuance of life of wife number one beyond the time of his marriage to number two but terminating before that to number three. His conviction was affirmed on appeal and we find nothing in that case to influence us here.

The judgment and order appealed from are affirmed.