[Crim. No. 4201.   Second Dist., Div. One.   Apr. 28, 1948.]

THE PEOPLE, Respondent, v. GERALD J. O'NEAL, Appellant.

Richard E. Erwin for Appellant.

Fred N. Howser, Attorney General, and John F. Hassler, Deputy Attorney General, for Respondent.

YORK, P. J.—In an information filed by the district attorney of Los Angeles County, defendant was charged with four counts of bigamy, a felony, and with prior convictions of felonies. Defendant admitted the three prior convictions, and on motion of the district attorney count 2 of the information was dismissed. The court sitting without a jury found defendant guilty of bigamy, as charged in counts 1, 3 and 4 of the information, and sentenced him to state's prison for the term prescribed by law. From the ensuing judgments of conviction and from an order denying his motion for a new trial, defendant prosecutes this appeal.

An examination of the record herein discloses that in the absence of Stella O. Frank her testimony at the preliminary examination was introduced by stipulation at the instant trial. She testified that she met appellant in 1941 and went through a marriage ceremony with him on February 7, 1942, at Las Vegas. She produced a marriage certificate issued by the county of Clark, State of Nevada, which bore the names of Stella O. Frank, the witness, and Jerald U. O'Neill, the name by which she knew appellant. The ceremony was performed by Albert C. Melton, a minister, and Nancy Jane Webb and her father, J. Edward Webb, were present as witnesses. The witness Frank stated that she commenced proceedings for divorce or annulment from appellant: "I had the papers served on him on the 23d day of February, 1944, but they never come to the Judge." After the marriage ceremony, the witness testified that she and appellant lived in California and cohabited for a period of two years in Los Angeles County, separating on February 1, 1944.

Margaret Williams testified that she married appellant on June 21, 1945, at Las Vegas, Nevada; that a marriage license was issued to her and appellant and that a marriage ceremony was performed by F. C. Lovett, who stated that he was a minis-

ter; that thereafter she and appellant cohabited in Los Angeles County until the latter part of December, 1945. Later in the trial, appellant introduced by reference a Los Angeles County Superior Court case file, containing a final decree of divorce dated February 18, 1947, in which said Margaret Williams was the plaintiff and appellant was the defendant.

Julia Twitchell testified that she married appellant on March 23, 1947, at Las Vegas, Nevada; that a marriage license was issued to them, and a marriage ceremony was performed by F. C. Lovett, who she supposed was a minister; that thereafter she and appellant lived together as husband and wife in the county of Los Angeles for a period of about nine days. Appellant later in the trial introduced by reference a Los Angeles County Superior Court file containing a judgment of annulment entered May 27, 1947 in which he was named defendant and Julia Twitchell was named plaintiff.

Anna Gwendolyn Ashley testified that she was married to appellant, at Yuma, Arizona, on June 1, 1947; that a marriage license was issued to her and appellant; that there were two persons present who called themselves "Reverends" but that she did not know which one performed the marriage ceremony; that they returned to Los Angeles where they lived as man and wife for about a week, during which time she introduced appellant as her husband to her relatives and friends.

Appellant took the stand in his own defense, and testified that he had a conversation with Stella O. Frank in the "latter part of 1942 or 1941"; that she told him that she had been married to a man named Miller in Kansas and had two growing children; that she had married a man named Frank in Chicago, and also mentioned having married a doctor in San Francisco by the name of Pierce, a dentist; "she said he treated her so bad and he was a dope fiend and beat her, and she just picked up and left . . . about the latter part of 1941 —1942—no— yes, 1942. . . . she told me she did not know whether he got a divorce or not . . . and I told her . . . that I was just through doing time and that I was working for M. G. M. and trying to get along and I did not want any more trouble, and I picked up and put my stuff in my car and I left."

Appellant first contends that the trial court erred in finding that the prosecution had established a valid and existing marriage between him and Stella O. Frank, urging that while the "correct rule seems to be that admissions by the

defendant together with proof of cohabitation and repute are sufficient to prove the marriage . . . no attempt was made by the prosecution to prove either admissions by the defendant or reputation of marriage of the parties. Nor was there any evidence that the person who performed the ceremony was a minister, or that he was authorized by the law to perform the marriage ceremony.''

With respect to a prosecution for the crime of bigamy, it was stated in *People* v. *LaMarr*, 20 Cal.2d 705, 709 [128 P.2d 345] : ''The essential things for the pleading and proof to show are (1) the *previously established status* of the defendant as a married person and (2) his additional marriage *during perdurance* of that status. It is the *additional* marriage which identifies the particular crime.'' (Emphasis included.)

Section 1106, Penal Code, provides that ''Upon a trial for bigamy, it is not necessary to prove either of the marriages by the register, certificate, or other record evidence thereof, but the same may be proved by such evidence as is admissible to prove a marriage in other cases, and when the second marriage took place out of this state, proof of that fact, accompanied with proof of cohabitation thereafter in this state, is sufficient to sustain the charge.''

In *People* v. *Van Wie*, 72 Cal.App.2d 227, 230 [164 P.2d 290], it was held : ''Where a former marriage is proved, there is a rebuttable presumption of its validity, and it is not necessary for the State to show that there were no impediments to it. (See cases collected and commented upon 10 C.J.S. p. 372, § 16.) Inasmuch as the facts are peculiarly within the knowledge of the defendant, the burden is on him to establish the invalidity of a prior marriage proved by the State. (*People* v. *Huntley*, 93 Cal.App. 504 [269 P. 750].) The weight to be given to the conflicting presumptions and inferences is for the jury. (*People* v. *Burke*, 43 Cal.App.2d 316 [110 P.2d 685].)

''Under these rules, while it is necessary for the prosecution to establish that defendant had a lawful wife living at the time of the alleged bigamous marriages, the burden is on the accused to establish the invalidity of the prior marriage.''

Appellant's testimony to the effect that Stella O. Frank told him that she did not know whether a former husband of hers had obtained a divorce or not, is not sufficient to establish, as a matter of law, that appellant's marriage to Stella O. Frank was invalid, in the face of the prima facie showing by the prosecution that such marriage was valid and existing

at the time the bigamous marriages were entered into by appellant. At any rate, this was an issue for the determination of the trial court upon the evidence.

Appellant urges that the trial court erred in admitting in evidence over his objection the marriage licenses marked People's Exhibits 1 (A), 4, 5, and 7, to wit: the licenses or marriage certificates of Stella O. Frank, Margaret Williams, Julia Twitchell and Anna Gwendolyn Ashley. All of these women testified that they married appellant outside of California and thereafter cohabited with him in this state. Such evidence was sufficient under section 1106 of the Penal Code, *supra*, to sustain the charge of bigamy. Moreover, appellant introduced in evidence by reference the final decree of divorce secured by Margaret Williams, and the judgment of annulment in favor of Julia Twitchell. As a result, the admission in evidence of the marriage licenses here objected to was not prejudicial to appellant's cause.

The evidence adduced at the trial of this action is amply sufficient to sustain the judgments of conviction. For the reasons stated, the judgments and the order appealed from are, and each of them is, affirmed.

Doran, J., and White, J., concurred.