[Crim. No. 273.   First Appellate District.—October 7, 1910.]

THE PEOPLE, Respondent, v. MOCK YICK GAR, Appellant.

CRIMINAL LAW—PLACING WIFE IN HOUSE OF PROSTITUTION—LAWFUL MARRIAGE ESSENTIAL—PRIOR EXISTING MARRIAGE—VERDICT AGAINST EVIDENCE.—A prosecution under section 266g of the Penal Code is for placing the wife of defendant in a house of prostitution, and a lawful marriage is essential to the offense. If the woman placed therein by defendant was not his wife, though a ceremony of marriage passed between them, because of a prior existing marriage of the defendant with another person, proved without conflict to exist when the last ceremony was performed, a verdict of guilty of the offense charged is against the evidence.

ID.—PRIOR MARRIAGE—PRIMA FACIE EVIDENCE—PRESUMPTION OF LAWFUL CONTRACT.—Where the fact of the ceremony of the prior marriage, though not its form, was proved, and the parties thereafter lived together as husband and wife, and a child was born to them, and the defendant continued to support her and treat her as his lawful wife, this was *prima facie* evidence of a marriage, and the parties are presumed to have entered into a lawful contract of marriage.

ID.—PROVINCE OF JURY—POWER NOT ARBITRARY TO REJECT UNCONTRADICTED EVIDENCE NOT IMPROBABLE.—While the jury are the judges of the value of evidence addressed to them, their power is not an arbitrary one, but must be exercised with legal discretion, and in subordination to rules of evidence. They have no power to reject uncontradicted testimony that is in no respect improbable in itself.

ID.—DEGREE OF PROOF OF PRIOR MARRIAGE—PREPONDERANCE NOT ESSENTIAL—REASONABLE DOUBT OF EXISTENCE REQUIRING ACQUITTAL.—The defendant is not required to prove the existence of the prior marriage by a preponderance of evidence, but it is sufficient to require acquittal of the defendant that the evidence of the prior marriage is sufficient to raise a reasonable doubt in an unprejudiced mind. It is held that no unbiased or reasonable man can say that there was no reasonable doubt as to the existence of the prior marriage, and that the uncontradicted evidence thereof requires a reversal of the judgment, and a new trial.

ID.—MARRIAGE WITH PROSTITUTE — CONSTRUCTION OF STATUTE.—The statute could not have been intended for the punishment of a man who married a prostitute, and continues to live with her in a house of prostitution, which abode she voluntarily selected. In such a case the man has not by his own act caused his wife to enter and enlist in the army of prostitutes who ply their vocation. She was

already there, and while it is a low order of man who will live with such a woman, the statute does not make it a crime to do so. (Per Cooper, P. J., specially concurring.)

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Wm. P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Carroll Cook, for Appellant.

U. S. Webb, Attorney General, Chas. M. Fickert, District Attorney, and Fred L. Berry, Assistant District Attorney, for Respondent.

HALL, J.—Defendant was charged with placing his wife in a house of prostitution. He was convicted, and has appealed to this court from the judgment and the order denying his motion for a new trial.

The evidence shows without conflict that defendant was married to the prosecutrix, a Japanese woman, at Redwood City on the eighteenth day of April, 1907. The ceremony was performed by a justice of the peace. On or about May 1, 1909, defendant placed the said woman, who had been a prostitute before the marriage, in a house of prostitution in the city and county of San Francisco, and there lived with her for a considerable time.

Defendant mainly relied on the defense that he was never lawfully married to the Japanese woman, for the reason that at the time of the marriage ceremony between them he had a wife living in China to whom he had been married, and from whom he had never been divorced.

In support of this defense the uncle of defendant testified that he was present with defendant in China when a marriage ceremony was performed between defendant and a Chinese woman, that he afterward visited defendant at his home, and that defendant and the Chinese woman lived together as husband and wife.

Defendant also testified that he went through the Chinese marriage ceremony with a Chinese woman in China in 1897, and they afterward lived together as husband and wife, and

as a result a child was born to them, and that the woman is still living; that he had never been divorced from her, and since his return to the United States had sent her support all the time, and ever since the ceremony was performed had treated her as his lawful wife.

No attempt was made to contradict the evidence given by defendant and his uncle, and the testimony of each showed that the marriage ceremony with the Chinese woman was performed before the ceremony with the Japanese woman took place.

The section of the Penal Code (266g) under which the information is drawn is directed against a person placing his wife in a house of prostitution. Unless the Japanese woman was the wife of defendant, he was not guilty of the offense charged. She was not his wife, notwithstanding the marriage ceremony with her, if defendant, at the time of such ceremony, had a wife living from whom he had never been divorced. The uncontradicted testimony of defendant and his uncle proved such to be the case. While the details of the ceremony with the Chinese woman were not given, it was shown that after such ceremony the Chinese woman and defendant lived together as husband and wife. This was *prima facie* evidence of a marriage. A man and woman deporting themselves as husband and wife are presumed to have entered into a lawful contract of marriage. (Code Civ. Proc., sec. 1963, subd. 30.)

Unless the jury had the right to entirely disregard the uncontradicted evidence of defendant and his uncle, defendant should have been acquitted.

While the jurors are the judges of the value of evidence addressed to them, their power is not an arbitrary one, but must be exercised with legal discretion and in subordination to the rules of evidence. (Code Civ. Proc., sec. 2061.) There are cases where, because of the improbability of the testimony given, the court or jury may disregard it and give it no effect. (*County of Sonoma* v. *Stofen,* 125 Cal. 32, [57 Pac. 681] ; *Blankman* v. *Vallejo,* 15 Cal. 639; *People* v. *Milner,* 122 Cal. 171, [54 Pac. 833].) But we have been cited to no case where it has been held that uncontradicted testimony, that is in no respect improbable in itself, may be utterly rejected. The testimony given by defendant and his uncle concerning

the prior marriage was in no way improbable. The defendant, after living in this country for a considerable time, returned to China for a time. This was proven by witnesses for the people. According to the uncontradicted testimony of the defense, while in China on this visit he was married to a Chinese woman, and he and she subsequently lived together as husband and wife, and a child was born to them. That defendant should have been married on his visit to China is not improbable. It must be remembered that defendant was not required to prove his innocence. It was quite sufficient if there was any reasonable doubt of his guilt. His guilt depended upon the fact that he was not already married when he married the Japanese woman. The law does not require that such prior marriage be proved by a preponderance of evidence. It is sufficient if the evidence raises a reasonable doubt as to the existence of such prior marriage. (*People* v. *Roberts,* 122 Cal. 377, [55 Pac. 137]; *People* v. *Winters,* 125 Cal. 325, [57 Pac. 1067].)

The evidence of the prior marriage, being uncontradicted and in no respect improbable in itself, there was no conflict in the evidence upon this point. Certainly no unbiased and reasonable man can say that there was no reasonable doubt as to the existence of the prior marriage. The existence of a reasonable doubt as to the prior marriage required that the defendant be acquitted of the charge for which he was tried. The jury, in disregard of the uncontradicted and in no way improbable testimony, found the defendant guilty as charged. It must be held that the verdict is contrary to the evidence, and for that reason the judgment and order are reversed, and the cause remanded for a new trial.

Kerrigan, J., concurred.

COOPER, P. J., concurring.—I concur in the opinion of Mr. Justice Hall in this case, and desire to add that the testimony of the prosecutrix (a Japanese woman) is such that it is extremely doubtful in my mind if it would support the verdict. She had been a prostitute, living in a house of prostitution, for some time before she claimed to have married defendant. She afterward, apparently with the knowledge and consent of defendant, returned to her former mode of

14 Cal. App.—22

life. Evidently some trouble arose between the prosecutrix and defendant, either by reason of his appropriating or using money of her earnings, or otherwise. It appears from the record that she had the defendant arrested twice before the present charge—once for embezzlement, and failing in that, for bigamy, and finally, being unsuccessful in that, for the present crime of placing her in a house of prostitution. That statute provides (Pen. Code, sec. 266g) : "Every man who, by force, intimidation, threats, persuasion, promises, or any other means, places or leaves . . . his wife in a house of prostitution . . . is guilty of a felony and punishable by imprisonment in the state prison for not less than three nor more than ten years." It was evidently the purpose of the legislature to punish the man who is so lost to all principles of decency as to force, intimidate or persuade his wife to live in a house of prostitution, and for the purpose of protecting the innocent and virtuous wife. It could not have been intended for the punishment of a man who marries a prostitute and continues to live with her in a house of prostitution, which abode she voluntarily selected. In such case the man has not by his act caused his wife to enter and enlist in the army of prostitutes who ply their vocation. She was already there; and while it is a low order of man who will live with such a woman, the statute does not make it a crime to do so.