[Crim. No. 867. Second Appellate District, Division One.—May 4, 1922.]

## THE PEOPLE, Respondent, v. EMIL SPITZER, Appellant.

[1] CRIMINAL LAW — BIGAMY — INFORMATION — VOID ALLEGED FIRST MARRIAGE — EXISTENCE OF PRIOR VALID MARRIAGE—ACQUITTAL.— If the first marriage alleged in an information charging bigamy be shown to have been void because of a previous valid existing marriage, the defendant cannot be convicted thereunder.

[2] ID.—EVIDENCE—PHOTOGRAPHIC RECORD—INSUFFICIENT PROOF.—In a prosecution for bigamy, a photographic copy of a record from the health department of the city of New York purporting to be a marriage license to which was attached a certificate of marriage by an alderman of that city, although received in evidence without objection on the part of the people and uncontradicted, was insufficient to establish the marriage, where the license and certificate were not certified and there was no evidence of the genuineness of the signature of the alderman or of his authority to perform the marriage ceremony.

[3] ID.—SOLEMNIZATION OF MARRIAGE IN ANOTHER STATE — PERFORMANCE BY ALDERMAN—PRESUMPTION AS TO AUTHORITY.—In the absence of proof under sections 1900, 1901, and 1902 of the Code of Civil Procedure that under the laws of New York an alderman, who is not vested under section 70 of the Civil Code with authority to solemnize a marriage, has such authority in that state, testimony as to the performance of a marriage ceremony by such official in that state is entitled to no weight in establishing such a solemnization as is required by section 55 of the Civil Code.

[4] MARRIAGE—DEPORTMENT OF PARTIES—EVIDENCE—REBUTTAL OF PRESUMPTION.—Assuming that under subdivision 30 of section 1963 of the Code of Civil Procedure it will be presumed from general repute and the fact that a man and woman deport themselves as husband and wife that they have entered into a lawful contract of marriage pursuant to the provisions of sections 55 and 70 of the Civil Code, such presumption is overcome where the evidence conclusively shows that the solemnization of the marriage was by an alderman who, under section 70 of the Civil Code, is not vested with authority to act in such capacity.

1. Bigamy as depending on validity of prior marriage, note, 14 Ann. Cas. 74.

2. Proof of former marriage in prosecutions for bigamy, notes, 47 Am. St. Rep. 228; 106 Am. St. Rep. 768.

[5] Criminal Law—Bigamy—Evidence — Decree of Annulment of First Marriage.—In a prosecution for bigamy, a decree of annulment of the first marriage on the complaint of the wife, the allegations of which the divorce court found to be true, without any showing either by such decree or otherwise as to whether such marriage was void from the beginning or merely voidable, was not admissible on the question of defendant's guilt or innocence.

APPEAL from a judgment of the Superior Court of Los Angeles County. Sidney N. Reeve, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. M. Marmaduke, John L. Richardson and T. E. Parke for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant appeals from a judgment pronounced upon his conviction of the crime of bigamy.

The offense, as alleged in the information, was that he did, knowingly and unlawfully, marry one Marie Marjorie Sims, at which time he was the lawful husband of Edith C. Spitzer.

His chief defense is that he was never lawfully married to Edith C. Spitzer, as alleged in the information, the reason therefor being that at the time of the admitted marriage ceremony had with her he was the lawful husband of one Mary Truell Spitzer, to whom he had been married in the state of New York on July 26, 1905.

[1] It seems to be the law that if the first marriage alleged in an information charging the crime of bigamy be shown to have been void because of a previous valid existing marriage, the defendant cannot be convicted thereunder. (*Commonwealth* v. *McGrath*, 140 Mass. 297 [6 N. E. 515]; *State* v. *Sherwood*, 68 Vt. 414 [35 Atl. 352]; *People* v. *Mock Yick Gar*, 14 Cal. App. 334 [111 Pac. 1039].) As said in *Lane* v. *State*, 82 Miss. 555 [34 South. 353], ''the rule is thoroughly settled that one indicted for bigamy must be acquitted on that indictment if he can show that the first marriage alleged in the indictment is void by reason of the existence of a prior lawful marriage, still existing.''

[2]   We are therefore confronted with the question as to
the sufficiency of the evidence to establish the marriage of
defendant to Mary Truell in the state of New York, which
fact, if established, would, under the authorities cited,
have entitled defendant to an acquittal of the offense
charged in the information, and the court so instructed the
jury.

To establish this fact defendant offered, and there was
received in evidence without objection, a photographic copy
of a record from the department of health of the city of
New York which purported to be that of a marriage license
issued to Emil Spitzer and Mary Truell, to which was at-
tached a marriage certificate showing that he and Mary
Truell were married in that state by Max S. Grifenhagen,
alderman, on July 26, 1905.   In addition to this, the testi-
mony of Mary Truell Spitzer and that of Herman Truell,
by deposition, was likewise without objection received in
evidence, together with the testimony of defendant him-
self, all of which was to the effect that Emil Spitzer and
Mary Truell were married in New York on the date men-
tioned, on which occasion the marriage ceremony was per-
formed by Max S. Grifenhagen, alderman.   While received
without objection on the part of the people and uncontra-
dicted, the evidence is insufficient to establish the marriage.
The documentary evidence, consisting of the purported copy
of the marriage license and certificate, is not certified; neither
is there any evidence whatsoever as to the genuineness of the
signature of Grifenhagen attached thereto, nor of his au-
thority to perform the marriage ceremony, without which it
possessed no evidentiary value.   As said by the supreme court
in discussing a like question: ''A marriage certificate does not
prove itself.   Proof of the signature of the person by whom
it purports to have been signed and of his authority to per-
form the marriage ceremony is necessary.''   ''It must be
shown that the person who solemnizes the marriage was one
having authority so to do (26 Cyc. 358), and a paper
purporting to be a marriage certificate signed by one pur-
porting to be authorized by the laws to solemnize the mar-
riage, is not competent evidence of the marriage unless ac-
companied by proof that the person making the certificate
was in fact authorized to solemnize such marriage.''   (See
*People* v. *Le Doux,* 155 Cal. 548 [102 Pac. 523], and cases

therein cited.) While the testimony of defendant himself and that by deposition of Mary Truell and Herman Truell is that the marriage ceremony was performed by Grifenhagen as alderman, there is no evidence whatever that he, by virtue of his official position as alderman, was authorized to solemnize a marriage any more than could a policeman of the city of New York. [3] It may be true that as such official he was, under the laws of New York, vested with authority so to do, but in the absence of proof to the contrary—and there is none—the laws of New York are deemed the same as the laws of California. (*O'Sullivan* v. *Griffith,* 153 Cal. 502 [95 Pac. 873, 96 Pac. 323]; *Fox* v. *Mick,* 20 Cal. App. 599 [129 Pac. 972].) Section 55 of the Civil Code provides that *''*consent alone will not constitute marriage; it must be followed by a solemnization authorized by this code''; and section 70 of the Civil Code, which designates the officials vested with authority to solemnize a marriage, does not include one occupying the position of alderman, and hence, since he possessed no authority to act in such capacity, the marriage so solemnized must be deemed a nullity. If it be true that under the laws of the state of New York an alderman is vested with authority to officiate at a marriage, then defendant should have established such fact by proof of the existence of such law in the manner provided by sections 1900, 1901, and 1902 of the Code of Civil Procedure. The testimony was entitled to no weight in support of the claim that defendant was married to Mary Truell.

[4] In her deposition Mary Truell testified that after the solemnization of the marriage between defendant and herself by Grifenhagen, an alderman, they for three years lived and cohabited together and held themselves out to the public as husband and wife. While not argued, this fact, since it is declared by subdivision 30 of section 1963 of the Code of Civil Procedure, that ''a man and woman deporting themselves as husband and wife'' are presumed to ''have entered into a lawful contract of marriage,'' constitutes some evidence tending to show that she and defendant had been legally married as claimed. It was upon this theory, namely, that a marriage might be shown by general repute alone, that the language of the court cited by appellant from *People* v. *Mock Yick Gar,* 14 Cal. App.

334 [111 Pac. 1039], was used. The presumption, however, is a disputable one. Hence, assuming that under subdivision 30 of section 1963 it will be presumed from general repute and the fact that a man and woman deport themselves as husband and wife that they have entered into a lawful contract of marriage pursuant to the provisions of sections 55 and 70 of the Civil Code, such presumption in the instant case is overcome by the fact that the evidence conclusively shows that the solemnization of the marriage between defendant and Mary Truell and under and pursuant to which they lived together as husband and wife was solemnized by an alderman, who, under the provisions of the law applicable to the case, is not a person or officer vested with authority to act in such capacity.

[5] The information charging defendant with the offense was filed on January 28, 1921. It appears that on October 5, 1921, but prior to defendant's trial, a decree of annulment of the marriage between defendant and Edith C. Spitzer had been rendered in an action therefor brought by the latter. This was offered in evidence by defendant and an objection thereto sustained. This ruling is assigned as prejudicial error. The decree, giving the title of the case, recites: ''This cause came on to be heard . . . upon the amended complaint and answer thereto, in which said amended complaint plaintiff sought to have the marriage between plaintiff and defendant annulled, and evidence having been introduced in support of said amended complaint, the court now makes its findings of fact and decision as follows: That the allegations contained in said amended complaint are true and that a judgment annulling said marriage between plaintiff and defendant should be granted.'' Whereupon the court declared the marriage between Edith C. Spitzer and defendant null and void. Since the amended complaint, the allegations of which the court found to be true, was not offered or introduced in evidence, it cannot be said upon what ground the decree of annulment was granted. The decree does not disclose that the marriage by defendant with Edith was void for any reason specified in sections 59, 60, or 61 of the Civil Code, which declare the marriage of the persons therein designated void from the beginning; indeed, for aught that appears to the contrary, the mar-

riage to Edith was merely voidable at her instance under the provisions of section 82 of the Civil Code, wherein is set forth six causes upon the establishment of any one of which an aggrieved party may avoid the marriage. It devolves upon an appellant who asks for a reversal of a judgment to affirmatively show the error upon which he asserts such claim. While the decree, for reasons not disclosed, declares the marriage void, such declaration has relation to the date of such decree only. It does not purport to be a judicial determination that the marriage was void from its beginning or at the time when defendant is alleged to have committed the offense, and, hence, evidence of such decree could not affect the question of his guilt or innocence of the crime with which he was charged.

Complaint is made on account of the alleged misconduct of the district attorney when in his argument he referred to the documentary evidence, consisting of the uncertified photographic copy of the license and certificate, and wherein he questioned its genuineness, and referred to the fact that it was possible to prepare a document for the purpose of having it photographed and used as evidence. We cannot say the observation was not justified by the character of the document so introduced. Moreover, since, as stated, it was of no value as evidence, anything said by the district attorney calculated to discredit or destroy its force was futile, and, hence, it could in no event have been prejudicial to defendant.

Error is also predicated upon an instruction of the court to the effect that if the jury found that defendant was not married to Mary Truell Spitzer, but was married to Edith C. Spitzer, and that while so married to the latter he married Marjorie G. Spitzer, then they must find the defendant guilty of bigamy as charged in the information. The objection to the instruction is that it omitted telling the jury therein they should give defendant the benefit of any reasonable doubt arising upon the evidence. It elsewhere appears in the instructions that the court fully instructed the jury to the effect that defendant was entitled to be acquitted if they found that he was, as claimed, married to Mary Truell, and that if upon the evidence they had a reasonable doubt as to his guilt then it was their duty to acquit defendant. They were fully in-

structed as to the meaning of a reasonable doubt and as to the application thereof to the evidence in considering their verdict. Instructions should be considered together as a whole, and it was not necessary to repeat in each instruction given the meaning, effect, and application of the term "reasonable doubt."

There is no merit in the errors of law complained of, and, for the reasons given, the evidence was insufficient to establish the existence of a marriage between defendant and Mary Truell.

The judgment is affirmed.

Conrey, P. J., concurred.

James, J., concurred in the judgment.

A petition for a rehearing of this cause was denied by the district court of appeal on June 2, 1922, and the following opinion then rendered thereon:

THE COURT.—Aided by other counsel, defendant's attorney has filed a petition herein for a rehearing. Among the grounds urged in support of his contention that the case should be further considered, and the only one we deem necessary to notice, is that of a variance by reason of which the second marriage alleged in the information and the contracting of which constitutes the offense was not established, which point, it is conceded, was not presented or argued at the hearing of the appeal.

The information charged that Emil Spitzer, on or about January 1, 1921, did knowingly marry one Marie Marjorie Sims, at which time he was the lawful husband of Edith C. Spitzer. In proof of the marriage to Marie Marjorie Sims, a witness was called who testified that her name was Marjorie Sims; that she knew the defendant, Emil Spitzer, and thereupon she was shown a certified copy of a marriage certificate wherein the name of the groom, as stated therein, was Emanuel Spetzer, and that of the bride was Marjorie Goldie Sims, and wherein it was certified by Henry M. Miller, as justice of the peace of Burbank township, that Emanuel Spetzer and Marjorie Goldie Sims were joined in marriage by him in accordance with the laws of California

on January 1, 1921. The witness testified that she was the Marjorie Goldie Sims referred to in the certificate, and upon being asked, "You went to the county clerk's office, did you, to obtain the original marriage license of which this is a certified copy?" replied, "I did." Whereupon counsel for defendant said: "We will stipulate to all that, Mr. Van Cott, if you desire." She further testified that after obtaining the marriage license she was, in the presence of two witnesses, married to defendant by Justice Miller at the city of Glendale, California, and thereafter she and defendant lived together as husband and wife. Not only was there no objection to any part of this testimony, but counsel for defendant, in opening his case, stated to the jury that his defense would be based upon the fact that at the time defendant went through the marriage with Marjorie Sims he was then in fact the lawful husband of one Mary Truell Spitzer, to whom, in the city of New York, he was married in 1904, and who was at all times the lawful wife of defendant, and, therefore, since at the time of the marriage to Marjorie Sims he had a lawful wife, he could not be guilty of marrying the former. Not only was this defense the theory upon which the case was tried, but, as shown by the testimony and proceedings from which we have quoted, the second marriage alleged in the information was conceded. As to the identity of Marie Marjorie Sims and Emil Spitzer, mentioned in the information, with Marjorie Goldie Sims and Emanuel Spetzer, who were married, there appears to be no question.

Section 4½ of article VI of the constitution provides that "no judgment shall be set aside . . . for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." It is apparent from an examination of the evidence that no miscarriage of justice resulted from the trial, and while, as held in the main opinion, the New York marriage to Mary Truell, had it been established, would have constituted a technical defense, nevertheless, since it was not proven, defendant must upon this record be deemed guilty as charged.

Counsel for defendant bitterly complain that the appeal of their client for a reversal is denied upon the technical ground that he failed, in accordance with well-recognized rules of evidence, to establish the fact of the New York marriage, and the failure of this court to refer to the New York statutes, readily obtained and which he says were "within a block of the trial courtroom," and which, had he deemed necessary, he could have easily produced, is severely criticised. This court, as we understand it, has no power on appeal to seek from outside sources evidence omitted from the record. Moreover, since defendant invokes the technical defense that, instead of two wives only, he had three, his complaint that he is the victim of what his counsel is pleased to term a technical rule of law comes with ill grace.

Rehearing denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 3, 1922.

All the Justices concurred, except Lawlor, J., Wilbur, J., and Lennon, J., who were absent.

Shurtleff, J., was also absent and Richards, J., *pro tem.*, was acting.