[Crim. No. 1185.  Second Appellate District, Division One.—April 23, 1925.]

THE PEOPLE, Respondent, v. J. A. JORDAN, Appellant.

[1] CRIMINAL LAW — BIGAMY — EXEMPLIFIED COPY OF MARRIAGE LICENSE AND CERTIFICATE—ADMISSIBILITY OF.—An exemplified copy of a marriage license purporting to have been issued by a judge and having indorsed thereon a certificate of marriage purporting to have been signed by a minister is inadmissible in a prosecution for bigamy where there is no testimony of any witness who saw the certificate of marriage signed by the minister, and there is no evidence of the genuineness of the signature.

[2] ID. — EVIDENCE — MARRIAGE CERTIFICATE.—A marriage certificate does not prove itself. Proof of the signature of the person by whom it purports to have been signed and of his authority to perform the marriage ceremony is necessary. The record of such an unacknowledged private writing is not made evidence of the truth of the recitals contained in it.

[3] ID.—CONTINUANCE—DISCRETION—EVIDENCE.—In a prosecution for bigamy, the trial court did not abuse its discretion in refusing to grant defendant's application for a continuance, which was not made until after a large part of the evidence in the case had been heard by the jury, for the purpose of enabling defendant to send to another state for testimony to establish additional facts which would have made admissible in evidence a marriage license and certificate of marriage between defendant and a certain woman, where the record shows that the defendant had ample time to prepare for trial, and both he and his attorneys knew that he would make the affirmative defense, in support of which they knew, or should have known, that the additional facts were necessary.

1. Proof of former marriage in prosecutions for bigamy, notes, 47 Am. St. Rep. 228; 106 Am. St. Rep. 768. See, also, 3 R. C. L. 813; 4 Cal. Jur. 344.

2. See 8 Cal. Jur. 217.

[4] ID.—REMARKS BY TRIAL COURT—ABSENCE OF PREJUDICE.—In such
prosecution, defendant could not have been seriously prejudiced
by statements made by the trial court in the presence of the
jury, where such statements did not contain any expression indi-
cating an opinion of the judge concerning the guilt or innocence
of the defendant, or concerning the truth or falsity of any of
the evidence, but chiefly consisted in expressions of impatience
arising out of the fact that defendant had caused subpoenas to
issue for the attendance of certain witnesses, and then had not
caused these witnesses to testify.

(1) 16 C. J., p. 745, n. 28.   (2) 16 C. J., p. 741, n. 38, p. 745,
n. 28.   (3) 16 C. J., p. 458, n. 76, p. 459, n. 88.   (4) 16 C. J., p. 827,
n. 18.

APPEAL from a judgment of the Superior Court of
Los Angeles County and from an order denying a new trial.
Frank C. Collier, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. I. Rosin, C. B. Morfoot and L. M. Powell for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney,
Deputy Attorney-General, for Respondent.

CONREY, P. J.—The information charged that the de-
fendant committed the crime of bigamy by marrying one
Sadie Kessler while he was the lawful husband of Grace
Jordan. The defendant was convicted and sentenced. The
appeal is from the judgment and from an order denying
his motion for a new trial.

The defense presented by appellant was and is that the
marriage to Grace Jordan was void by reason of a prior sub-
sisting marriage of defendant to one Cora Leak.

After the defendant had testified to some facts tending to
prove his marriage to Cora Leak, he offered in evidence an
exemplified copy of a marriage license purporting to have
been issued by a county judge in Mayes County, Oklahoma,
and which had indorsed thereon a certificate of marriage
purporting to have been signed by "H. A. Pearce, Christian
Minister." It was certified by the county clerk that said
instrument was "a full, true and correct copy of marriage

license and certificate as the same appears of record and on file in my said office.''

[1] Appellant's first point on appeal is that the court erred in sustaining the district attorney's objection to said marriage license and certificate, which objection was that no proper foundation had been laid for its admission in evidence. But we think that the ruling of the court was correct. There was no testimony of any witness who saw the certificate of marriage signed by Mr. Pearce, and there was no evidence of the genuineness of the signature. [2] A marriage certificate does not prove itself. Proof of the signature of the person by whom it purports to have been signed and of his authority to perform the marriage ceremony is necessary. The record of such an unacknowledged private writing as this is not made evidence of the truth of the recitals contained in it. (*People* v. *Le Doux,* 155 Cal. 535, 550 [102 Pac. 517]; *People* v. *Spitzer,* 57 Cal. App. 593 [208 Pac. 181].)

[3] The court did not err in refusing a continuance for the purpose of enabling the defendant to send to Oklahoma for testimony to establish the additional facts which would have made admissible in evidence the said marriage license and certificate of marriage. The record shows that the defendant had ample time to prepare for the trial of the case. Both he and his attorneys knew that he would make the affirmative defense to which we have referred. Therefore they knew, or should have known, that they would have need of testimony to establish the facts of that defense. The application for a continuance was not made until after a large part of the evidence in the case had been heard by the jury. The circumstances as shown by the record do not indicate any abuse of discretion by the court in its refusal to grant a further continuance of the trial.

Finally, it is claimed by appellant that he was prejudiced by certain remarks of the court, made in the presence of the jury, and that the court erred also in refusing to instruct the jury to disregard those remarks. [4] The statements referred to could not have been seriously prejudicial to the defendant. They did not contain any expression indicating an opinion of the judge concerning the guilt or innocence of the defendant, or concerning the truth or falsity of any of the evidence. The statements chiefly consisted in ex-

pressions of impatience arising out of the fact that defendant had caused subpoenas to issue for the attendance of certain witnesses, and·then had not caused those witnesses to testify. It may be conceded that the defendant should not have been criticised for his conduct of the case in relation to those witnesses.

The judgment and order are affirmed.

Curtis, J., concurred.