YETTA ROSENBERG and MORRIS ROSENBERG, Respondents, v. THE CITY OF NEW YORK, Appellant, and BERKSHIRE FINANCIAL CORPORATION, Defendant.— Plaintiff-wife sues to recover damages for personal injuries sustained on January 23, 1936, when she fell on ice on the sidewalk, and her husband sues for expenses and loss of services. The accident occurred on the sidewalk in front of the premises No. 15-25 Mott avenue, Far Rockaway, Queens county, which is in a business section. The sidewalk from the building line to the curb was coated with ice three or four inches thick. Plaintiff described the ice as "hilly, and smooth in spots." The city urges that as the temperature was below freezing between the end of the snow storm and the time of the accident it was impossible to have the

sidewalks cleaned. The evidence is that while the storm ended at twelve-thirty A. M. on Monday, January twentieth, the temperature was above freezing between two P. M. and eight P. M. on Wednesday, January twenty-second. The Code of Ordinances of the City of New York (Chap. 22, art. 3), judicially noticed under section 1556 of the Greater New York Charter, provides: § 20. [The City] " * * * immediately after every snowfall or the formation of ice on the cross-walks * * * shall forthwith cause the removal of the same, and shall keep all crosswalks * * * clean * * *. § 21. 1. * * * Every owner * * * occupant * * * shall, within 4 hours after the snow ceases to fall * * * remove the snow or ice, * * * from the sidewalk and gutter, the time between 9 p. m. and 7 a. m. not being included in the above period of 4 hours; * * *. Whenever any owner, * * * occupant * * * shall fail to comply with the provisions of any ordinance of the city for the removal of snow or ice, * * * from the sidewalk and gutter in the street, * * *, the commissioner of street cleaning or borough president of Queens and Richmond, as the case may be, may cause such removal to be made, * * * and there-after the expense of such removal, as to each particular lot of ground, shall be ascertained * * *. * * * The corporation counsel is hereby directed and authorized to sue for and recover the amount of this expense, * * *. Any person violating any provision or regulation hereof shall, upon conviction thereof by any city magistrate, be fined * * *. 2. * * * In case the snow and ice on the sidewalk shall be frozen so hard that it cannot be removed, * * * the owner * * * occupant * * * may, within the time specified * * *. cause the sidewalk * * * to be strewed with ashes, sand, sawdust, * * * and shall, as soon thereafter as the weather shall permit, thoroughly clean said sidewalks." The accident did not occur until eleven A. M. on Thursday, January twenty-third. It is a matter of common knowledge that snow and ice may be removed from the sidewalks even though the temperature is below freezing. The proof in the instant case is that the sidewalk in front of the other stores in the vicinity had been cleaned. Under the circumstances the jury was free to find that it was not impossible for the city to have cleaned the sidewalk in front of the store where plaintiff fell, particularly as ninety-six hours elapsed between the time the snow ceased to fall and the accident. (*Williams* v. *City of New York*, 214 N. Y. 259, 267; *Larson* v. *City of New York*, 255 App. Div. 883 [2d Dept.], decided November 28, 1938; *McCaffrey* v. *City of New York*, Id. 872 [2d Dept.], decided November 18, 1938.) Judgment in favor of plaintiffs affirmed, with costs. Lazansky, P. J., Carswell, Johnston and Close, JJ., concur; Hagarty, J., dissents and votes to reverse and dismiss the complaint. (*Kaveny* v. *City of Troy*, 108 N. Y. 571; *Williams* v. *City of New York*, 214 id. 259, 266.)