In the Matter of the Application of GARRET H. PAUCH, as Administrator, etc., of HENRY STROBEL, Also Known as HENRY W. STROBEL, Also Known as HENRY STROEBLE, Deceased, to Discover Certain Property of Said Deceased Claimed to Be Withheld. SOPHIE SUTTER and HENRY SUTTER, Appellants; GARRET H. PAUCH, as Administrator, etc., of HENRY STROBEL, Also Known as HENRY W. STROBEL, Also Known as HENRY STROEBLE, Deceased, Respondent.— Appeal from order of the Surrogate's Court, Queens county, directing that appellant Sophie Sutter appear for examination in a discovery proceeding. Order modified so as to limit examination to property of the decedent other than the six bank accounts and as so modified affirmed, with ten dollars costs and disbursements to appellants, payable out of the estate, the examination to proceed on five days' notice. The order is broader than it is claimed to be or intended to be by the respondent. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

JENNIE KARP, Respondent, v. JACOB KARP, Appellant.— In an action for divorce, defendant appeals from an order adjudging him to be in contempt of court and imposing a fine therefor. Order reversed on the law, without costs, and matter remitted to Special Term for further proceedings in accordance with the rule stated in Aron v. Aron (280 N. Y. 328). Where, as here, confirmation is opposed, of the report of a referee in a proceeding to punish for contempt, the court is not justified in confirming the report and making an order to punish for contempt without consideration of the testimony in some form or agreement by the parties as to its substance sufficient to permit the court to pass upon a challenge made to the sufficiency of the evidence. (Ibid.; and see Rules Civ. Prac. rule 170.) Neither of these alternative essentials was incident to the proceedings of the court below and remission is, therefore, proper. If this court were not lacking in power so to do, it would modify the order appealed from to the extent of striking out the finding of contempt and punishment adjudged therefor, and as thus modified, would affirm it. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur. [See post, p. 968.]

GEORGE T. KELLY, Plaintiff, v. THE CITY OF YONKERS, Appellant. (In the Matter of an Execution against THE CITY OF YONKERS by CATHERINE B. FITZPATRICK, as Assignee of GEORGE T. KELLY, and Others, Respondents.)— Appeal from an order denying appellant's motion to vacate an execution issued against its property and the levy made thereunder, and vacating a stay heretofore granted. Order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Johnston, Adel and Taylor, JJ., concur; Close, J., not voting.

HARRY LEVY, Respondent, v. THE CITY OF NEW YORK, Appellant, and Others, Defendants.— In an action to recover damages for personal injuries sustained by plaintiff through the alleged negligence of the defendant municipality, when plaintiff fell upon a sidewalk covered by compacted snow and ice, judgment in favor of plaintiff, entered upon the verdict of a jury, in so far as appealed from, unanimously affirmed, with costs. (Rosenberg v. City of New York, 256 App. Div. 927 [2d Dept.]; affd., 280 N. Y. 815; Thiel v. City of New York, 256 App. Div. 929 [2d Dept.].) Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.