WENDEL FOUNDATION, Plaintiff, *v.* MOREDALL REALTY CORPORATION, Defendant.

Supreme Court, Trial Term, New York County, July 14, 1941.

*Harper & Matthews [Harold Harper* and *James E. Austin* of counsel], for the plaintiff.

*Leopold Friedman [William Klein, Milton R. Weinberger* and *Adolph Lund* of counsel], for the defendant.

EDER, J. The defendant, on December 1, 1916, leased from the owners the premises in concern, for a period of twenty-one years for an agreed net annual rental; the defendant also agreed to pay to the landlords, in addition to the rent reserved and as additional rent, such sums each year as they might legally be required to pay on account of taxes, including income taxes, arising out of the ownership of their property and the income derived therefrom. The entire estate ultimately vested on July 20, 1930, in one Ella V. von E. Wendel; she died March 13, 1931, leaving a last will and testament by which she devised her residuary estate, including the said property, to various charitable corporations.

Upon the death of said testator temporary administrators were appointed and they continued to act until June 29, 1933, when executors were appointed and the surviving of those executors delivered possession of the premises, subject to said lease, to the residuary beneficiaries named in the will on August 8, 1934, as of June 29, 1934, and who retained possession and who were entitled to all income from the premises, due and becoming due to December 1, 1936. In the meantime and on May 16, 1935, the plaintiff was incorporated by an act of the Legislature to manage and liquidate the residuary estate. Plaintiff took title by conveyance dated December 1, 1936, from the surviving executors and residuary beneficiaries and held title and became entitled to the income from the property then due and to become due, until August 10, 1937, when the property was conveyed to a land and development corporation, with an assignment of the lease thereon and the sums due and to become due thereunder as rent, excepting and reserving, however, all sums due from the tenant under the lease or in arrears other than the fixed annual net rent reserved.

Under the third paragraph of the lease the defendant agreed to pay to the landlords, in addition to the rent so reserved and as additional rent such sums each year as they might legally be required to pay on account of taxes, including income taxes, arising out of their ownership of the property and the income derived therefrom.

It has been held that both the residuary beneficiaries under said will and plaintiff were exempt from the payment of all income, excise and license taxes or duties of every kind. (*Wendel Foundation* v. *Moredall Realty Corp.*, 282 N. Y. 239, 242.) Plaintiff's theory in bringing this suit was that such sums were due and payable as rent additional to the specified net annual rent reserved notwithstanding that the hypothetical taxes which the sum sued for represented were never and never could be legally imposed, levied or assessed against the landlords or exacted from them by any governmental authority and that none such were ever paid. (*Wendel Foundation* v. *Moredall Realty Corp.*, *supra*, 242, 243.)

The defendant answered and put in issue certain material allegations of the complaint, and in addition to pleading certain separate defenses, counterclaimed for moneys which it alleged it had erroneously paid to the representatives of the estate of said Ella Wendel and to the residuary charitable corporate legatees and returned by them to plaintiff.

A motion to strike out the separate defenses and the counterclaim was denied and a cross-motion by defendant to dismiss the complaint as failing to state a cause of action was granted, and the action severed so as to continue the counterclaim; this disposition was upheld by the Appellate Division (257 App. Div. 933) and by

the Court of Appeals (282 N. Y. 239). The cause is here on trial of the counterclaim and the reply thereto.

The principal grounds upon which plaintiff seeks to defeat recovery are that the payments were made under a mistake of law and not under a mistake of fact, and, also, that the Statute of Limitations bars recovery. I am unable to concur in these views.

The evidence establishes that payments aggregating $33,700 were made by defendant; defendant concedes that the sum of $1,216.66 is properly allocable to the period during said testator's lifetime, and claims that the total sum, exclusive of interest, which defendant is entitled to recover, is $32,483.34.

The proof fully establishes that the payments so made by the defendant were made by it under the mistaken belief that the landlords had actually paid Federal and State income taxes for the periods subsequent to Miss Wendel's death. It appears that on May 2, 1935, the defendant learned for the first time that the property had been devised to religious corporations, charitable corporations, and the like; that prior to that date defendant did not know the terms of the will, had never seen a copy thereof, did not know that the residuary legatees were charities or charitable corporations; that it did not know to whom decedent had devised the property and that the landlords thereof were exempt from payments of Federal and State income taxes and did not pay them; and it further appears from the evidence that if the defendant had known the true facts it would not have made such payments.

Neither the temporary administrators, the executors, the residuary beneficiaries, nor the plaintiff ever notified the defendant of the existence of such exemptions and that no income tax was ever paid thereon.

That the payments were made under a mistake of fact, as defendant contends, and not under a mistake of law, as plaintiff asserts, is clear. Kendall, president of the defendant, testified that he believed such payments had been made by the landlords; that in the belief that such was the actual fact the defendant then made such payments under the belief that it was thereupon legally obligated to make them and that the defendant would most certainly not have made such payments had it known the actual and true facts. Such a payment is one made under a mistake of fact and not under a mistake of law. "A mistake of fact is where a person understands the facts to be other than they are; whereas a mistake of law is where a person knows the facts as they really are but has a mistaken belief as to the legal consequences of those facts." (*O'Brien* v *Scandinavian-American Line,* 94 N. J. Law, 244, 246; 109 A. 517, 518.)

Here, as the proof adequately establishes, the defendant understood the facts to be other than they actually were; it is not a case

where the defendant knew the facts as they really were and then paid under a mistaken belief as to the legal consequences of the known facts and thus the payments made were the result of a mistake of fact and not made as a mistake of law. (*Adrico Realty Corp.* v. *City of New York*, 250 N. Y. 29, 38.)

It is my opinion, therefore, that defendant is entitled to recover unless the Statute of Limitations which is pleaded as a bar is a good defense and constitutes an insurmountable barrier.

The original answer was served on January 3, 1939, and contained a counterclaim to recover the sum of $33,700, which it alleges was paid subsequent to Miss Wendel's death, without knowledge that the residuary beneficiaries were charitable institutions whose incomes were exempt and that defendant paid without knowledge that there were in fact no sums due or payable or paid as income taxes upon the rent payable under the lease after March 13, 1931. The amended answer was served on September 6, 1940, and contains three counterclaims

The first counterclaim relates to payments aggregating $12,785, paid to the temporary administrators prior to their qualification as executors on June 29, 1933, and the theory of the counterclaim is that the temporary administrators as receivers or trustees held said sum for the benefit of the persons rightfully entitled thereto, and that upon adjudication that the premises vested in the residuary beneficiaries, with the result that they were not entitled to said sum, defendant was rightfully entitled to repayment.

The second counterclaim seeks to recover the sum of $33,700, upon the ground that said sum was paid in error and under mistake. The third counterclaim seeks to recover said sum of $33,700, which it is alleged was paid by defendant on the erroneous assumption that it was obligated to pay and indebted to the estate for said amount.

It is contended by the plaintiff that the amended answer, by pleading these counterclaims, introduced and set up causes of action different from that contained in the original answer and that only the second counterclaim of the amended answer was alleged in substance in the original answer. Therefore, it is maintained by plaintiff that the limitation as to the first and third counterclaims is to be computed from September 6, 1940, the date of service of the amended answer and that these are, therefore, barred.

I am unable to accept this premise, for an examination of the amended answer discloses that the facts alleged in the first and third counterclaims are also alleged in the second counterclaim which is in substance the allegations of the counterclaim in the original answer. And thus, even if the first and third counterclaims were not pleaded, I am of the opinion that the second counter-

claim pleaded in the amended answer is sufficient to sustain a recovery by the defendant for the full amount sought. I also do not agree with plaintiff's contention that the counterclaims pleaded in the amended answer set up causes of action different from that contained in the original answer.

The amended answer does not substitute a new cause of action upon a different obligation or liability; it merely sets out a new or additional theory of recovery based upon the same act or acts of wrongdoing, and the single counterclaim in the original answer embraces and alleges as a counterclaim the theories of the present answer, and the most that may be said in that connection is that these theories have been separated. In the situation herein disclosed the running of the statute is tolled from the date of the service of the original pleadings. (*Harriss* v. *Tams*, 258 N. Y. 229, 242; *Van der Stegen* v. *Neuss, Hesslein & Co.*, 270 id. 55; *Schapira* v. *National City Bank of N. Y.*, 256 App. Div. 927.)

Furthermore, the cause of action set out in the first counterclaim of the amended answer did not accrue until June 29, 1933, when the will was admitted to probate establishing the rights of the residuary beneficiaries to the income from the premises, and such income did not become exempt from the payment of tax until there was such adjudication. The decree admitting the will to probate was that adjudication. Then for the first time the right to sue attached and the Statute of Limitations is to be computed from that date. (*Cary* v. *Koerner*, 200 N. Y. 253; *Bicknell* v. *Hood*, 168 Misc. 727.) The statute, therefore, would not run until June 29, 1939; the answer was served on January 3, 1939, well within the time.

I am also of the opinion that the statute did not commence to run until the mistake was discovered because of the presence in this case of an element of constructive fraud on the part of the plaintiff and its predecessors in failing to disclose to the defendant that no payments of Federal and State income taxes had been made as heretofore mentioned. The mistake was first discovered by the defendant on May 2, 1935, and the statute would not have expired until May 2, 1941. (Civ. Prac. Act, § 48.)

For the reasons stated it is my conclusion that the pleas in bar by virtue of the Statute of Limitations are unavailing.

Defendant is entitled to recover. Judgment for defendant and against the plaintiff for the sum of $32,483.34, with interest from the time of the demand, to wit, December 23, 1938. (*Leach* v. *Vining*, 18 N. Y. Supp. 822.) Exceptions to plaintiff.

In this case it was stipulated that findings of fact and conclusions of law be waived. Thirty days' stay; sixty days to make a case.