■ PAULINE PFEFFER et al., Appellants, v. CITY OF NEW YORK, Respondent. — In a negligence action to recover damages for personal injury, loss of services, etc., resulting from a fall on an icy sidewalk, plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered November 22, 1965, in defendant's favor, upon the court's dismissal of the complaint at the close of the plaintiffs' case. Judgment reversed on the law, without costs, and new trial granted. No questions of fact have been considered. Plaintiffs' proof showed that the plaintiff Mrs. Pfeffer slipped on a patch of ice covered by light snow. The proof indicated that the ice had existed a minimum of 24 hours and probably considerably longer. Whether the city had adequate opportunity to remove the ice was a question for the jury (*Galvano* v. *City of New York*, 285 N. Y. 818; *Prince* v. *City of New York*, 21 A D 2d 668; *Rosenberg* v. *City of New York*, 256 App. Div. 927, affd. 280 N. Y. 815), as was the question as to whether the existing ice and newly-fallen snow were concurrent causes (*Smith* v. *City of New York*, 282 App. Div. 495, affd. 307 N. Y. 843). We are also of the opinion that plaintiffs should have been permitted to elicit from their witness the condition of the sidewalk below Mrs. Pfeffer immediately after she fell and to examine the police officer as to whether his written notes (made at the scene) referred to the existence of ice in front of the premises where Mrs. Pfeffer was injured. Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK CHAVIOUS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Nassau County, rendered July 8, 1963 convicting him of burglary in the third degree and petit larceny, upon a jury verdict, and imposing sentence upon him as a third felony offender. By order of this court, dated March 15, 1965 (*People* v. *Chavious*, 23 A D 2d 680) this action was remitted to the trial court for a *Huntley* type hearing to determine the voluntariness of defendant's confession pending which the appeal has been held in abeyance. The prescribed hearing was held and resulted in a finding that defendant's confession was voluntary beyond a reasonable doubt. The trial court made an order thereon, entered June 30, 1965. Judgment and order affirmed. We have examined the minutes of the hearing and the supplemental briefs filed by the parties and we affirm the finding of voluntariness. We have examined the other grounds raised for reversal and find them to be without merit. Beldock, P. J., Ughetta, Christ, Hopkins and Benjamin, JJ., concur.